THE STATE, EX REL. HUNT ET AL., APPELLANTS, *v.*
THOMPSON, JUDGE; PIGMAN ET AL., APPELLEES.

[Cite as *State, ex rel. Hunt, v. Thompson* (1992), 63 Ohio St.3d 182.]

(No. 90–1817—Submitted December 3, 1991—Decided March 11, 1992.)

*Robert C. Paxton II & Associates* and *Robert C. Paxton II,* for appellants.

*Squire, Sanders & Dempsey, Alan L. Briggs* and *Michael W. Pettit,* for appellee Pigman.

*Faruki, Gilliam & Ireland* and *Armistead W. Gilliam, Jr.,* for appellee Kegerreis.

*Per Curiam.* The Hunts argue that Thompson is without jurisdiction whatsoever to act and that the appellate court should have issued the writ. Pigman and Kegerreis contend that the Hunts have an adequate remedy at law by filing a second notice of dismissal.

According to *Ohio Dept. of Adm. Serv., Office of Collective Bargaining v. State Emp. Relations Bd.* (1990), 54 Ohio St.3d 48, 562 N.E.2d 125, syllabus:

"When a court patently and unambiguously lacks jurisdiction to consider a matter, a writ of prohibition will issue to prevent assumption of jurisdiction * * *. [Citations omitted.]"

In *State, ex rel. Rice, v. McGrath* (1991), 62 Ohio St.3d 70, 577 N.E.2d 1100, we issued a writ to prevent a judge from taking further action in a case that he had earlier unconditionally dismissed. We held that the judge patently and unambiguously lacked jurisdiction over the case.

Civ.R. 41(A)(1) states:

"Subject to the provisions of Rule 23(E) [class actions] and Rule 66 [receiverships], an action may be dismissed by the plaintiff without order of court (a) by filing a notice of dismissal at any time before the commencement of trial * * *. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court, an action based on or including the same claim."

Under Civ.R. 41(A)(1)(a), therefore, a plaintiff may dismiss his complaint. If a plaintiff does so, the court, consequently, loses jurisdiction over the case. Under *Rice*, the trial court here patently and unambiguously lacked jurisdiction over the case, and the court of appeals erred in denying the writ prohibiting the trial court from proceeding further. Moreover, if the Hunts file a second notice of dismissal, as the appellate court suggests, the notice would operate as an adjudication upon the merits. Thus, this remedy is not an adequate one. Accordingly, we reverse the judgment of the court of appeals and grant the writ.

*Judgment reversed and writ granted.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.