OPINION
On March 15, 1995, Lloyd R. Ballenger filed a "COMPLAINT FORLIEN MARSHALING" in the Franklin County Court of Common Pleas against several defendants who may have claimed an interest in the subject properties, including Yee Development Co. ("Yee") and G.D. Group, Inc. ("GDG"). Service of summons upon GDG was made to Paula J. Trout, the alleged statutory agent for GDG.[1] The signed return receipt was filed with the court on March 24, 1995.
On May 10, 1995, Mr. Ballenger filed an amended complaint adding a new defendant. This time, GDG's address was listed as in care of the Secretary of State. No service of summons was issued to GDG. On May 31, 1995, Yee filed an answer to the amended complaint and a cross-claim against GDG for foreclosure. Yee averred that a certificate of judgment was filed on May 22, 1995 against GDG in another action on a promissory note involving the same property. Yee requested that the judgment lien and mortgage be foreclosed and that the property be sold. On June 20, 1995, Yee filed instructions for service, requesting the clerk serve GDG a copy of the answer to the amended complaint and the cross-claim by certified mail in care of the Secretary of State. On June 26, 1995, service of summons was issued to GDG, care of the Secretary of State.
On June 26, 1995, Mr. Ballenger voluntarily dismissed his complaint with prejudice pursuant to Civ. R. 41(A). On June 29, 1995, a signed return receipt from GDG, care of the Secretary of State's office, was filed.
On December 8, 1995, Yee filed a motion for default judgment on its cross-claim against GDG. Yee indicated that GDG had failed to appear, plead or otherwise defend and, therefore, Yee was entitled to default judgment pursuant to Civ. R. 55(A) and (C). On this same date, Yee filed a motion to return the case to active status, indicating that because Mr. Ballenger had failed to point out in its voluntary dismissal that cross-claims existed, the trial court incorrectly placed a "termination" stamp on the notice of dismissal.
On January 2, 1996, the trial court filed a judgment entry ordering the case be returned to active status. On this same date, the trial court filed a judgment entry granting Yee's motion for default judgment against GDG on the cross-claim. Certain other claims involving various parties remained pending.
On September 18, 1996, the trial court journalized a judgment decree in marshaling of liens/foreclosure ordering, in part, that Yee's judgment lien and mortgage be marshaled and foreclosed and that the real estate be sold. On January 21, 1999, a sheriff's return of order of sale was filed, indicating that Yee had purchased the premises.
On January 26, 1999, GDG filed a motion to, in part, set aside the default judgment rendered against it. GDG argued the trial court lacked jurisdiction over the matter once the underlying Ballenger complaint was voluntarily dismissed, and GDG had never been served with the cross-claim. Yee filed a motion to strike GDG's motion and a memorandum contra. GDG filed a reply.
On June 17, 1999, the trial court filed a judgment entry denying GDG's motion to vacate the default judgment.
GDG (hereinafter "appellant") has appealed to this court, assigning the following errors for our consideration:
 ASSIGNMENT OF ERROR NO. I: THE LOWER COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN DENYING THE MOTION TO VACATE AS THE COURT LACKED JURISDICTION TO TAKE ANY FURTHER ACTION IN THIS CASE ONCE THE PLAINTIFF FILED A NOTICE OF DISMISSAL UNDER RULE 41(A) OF THE OHIO RULES OF CIVIL PROCEDURE.
 ASSIGNMENT OF ERROR NO. II: THE LOWER COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN FAILING TO SET ASIDE ITS DEFAULT JUDGMENT AGAINST GDG AND IN ISSUING ITS SUBSEQUENT JUNE 16, 1999 JUDGMENT ENTRY WHERE GDG WAS NEVER SERVED WITH THE AMENDED CROSS[-]CLAIM UPON WHICH THE DEFAULT JUDGMENT WAS BASED.
 ASSIGNMENT OF ERROR NO. III: THE JUDGMENT ENTRY IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Before reaching the assignments of error, we address a threshold issue raised by Yee (hereinafter "appellee"). Appellee contends, in essence, that appellant may not maintain its defense in this case because it is a defunct corporation.
Appellee points out that appellant's articles of incorporation were canceled by the Secretary of State on February 6, 1995. We disagree with appellee's contention. The mortgage and promissory note upon which the cross-claim is based were executed while appellant's articles of incorporation were in existence. Approximately one month after such cancellation, the underlying suit was filed.
R.C. 1701.88 states, in pertinent part:
 (A) * * * [W]hen the articles of a corporation have been canceled, * * * the corporation shall cease to carry on business and shall do only such acts as are required to wind up its affairs, or to obtain reinstatement of the articles * * * and for such purposes it shall continue as a corporation.
 (B) Any claim existing or action or proceeding pending by or against the corporation or which would have accrued against it may be prosecuted to judgment, with right of appeal as in other cases * * *.
 (C) Any process, notice, or demand against the corporation may be served by delivering a copy to an officer, director, liquidator, or person having charge of its assets or, if no such person can be found, to the statutory agent.
In State ex rel. Falke v. Montgomery Cty. ResidentialDevelopment, Inc. (1988), 40 Ohio St.3d 71, 74, the Supreme Court of Ohio, citing R.C. 1701.88(B), stated that the dissolution of a corporation does not abate any claim existing or action or proceeding pending by or against the corporation or which would have accrued against it. See, also, Cay Machine Co. v. TheFirestone Tire Rubber Co. (1963), 175 Ohio St. 295, 298;Columbia Real Estate Title Ins. Co. v. Columbia Title Agency,Inc. (1983), 11 Ohio App.3d 284, 286-287. Accordingly, appellant may properly maintain a defense in this action.
Turning to the assignments of error, appellant contends in its first assignment of error that the trial court lacked jurisdiction over the cross-claim once the underlying complaint was dismissed. Appellee asserts its cross-claim (and any other claims) remained pending after Mr. Ballenger dismissed the underlying complaint. We agree with appellee's assertion.
Appellant cites State ex rel. Hunt v. Thompson (1992),63 Ohio St.3d 182 in support of its position. In Thompson, the Supreme Court stated that under Civ. R. 41(A)(1)(a), a plaintiff may "dismiss his complaint," and once this occurs, the court loses jurisdiction over the case. Id. at 183. (Emphasis added.) This statement is true. However, appellant misconstrues Thompson to mean that once the underlying complaint is voluntarily dismissed, the court loses jurisdiction over any and all claims stemming from and asserted in the underlying action. Thompson did not so conclude.
Indeed, Thompson merely concluded that a plaintiff may dismiss his or her complaint. Thompson did not address the situation where a cross-claim has been filed against a co-party and then the underlying complaint is dismissed. In this situation, the underlying complaint may have been dismissed, but the cross-claim has not. Indeed, in Commercial Union Ins. Co. v.Great Am. Ins. Co. (1997), 124 Ohio App.3d 1, 12, the court of appeals held that when an underlying complaint is voluntarily dismissed, the counterclaims and cross-claims there remained pending.
Hence, Mr. Ballenger's voluntary dismissal of the underlying complaint did not extinguish the cross-claim filed by appellee against appellant, and the trial court did not lose jurisdiction over such matter. Accordingly, appellant's first assignment of error is overruled.
Appellant's second and third assignments of error are interrelated and, therefore, will be addressed together. Appellant contends the trial court erred in failing to set aside the default judgment on the grounds appellant was never served with the cross-claim. Where service of process is not properly made, the court lacks jurisdiction to consider a complaint, and any judgment rendered thereon is void ab initio. Kurtz v. Kurtz
(1991), 71 Ohio App.3d 176, 182; Citizens Loan Savings Co. v.Elio International Investments, Inc. (June 30, 1999), Franklin App. No. 98AP-794, unreported. A motion to vacate a judgment for want of personal jurisdiction constitutes a direct attack upon the judgment and, as such, need not satisfy the requirements of Civ. R. 60(B). Rite Rug Co., Inc. v. Wilson (1995), 106 Ohio App.3d 59,62.
The issue is whether appellant was properly served with the cross-claim. Appellee asserts that it properly served appellant through the Secretary of State's office. Appellant asserts appellee did not comply with the requirements in R.C.1701.07(H). The record indicates that on June 20, 1995, appellee instructed the clerk to serve appellant via the Secretary of State. The clerk issued service of summons to the Secretary of State on June 26, 1995, and a signed return receipt from the Secretary of State was filed on June 29, 1995.
Where process against a defendant appears on the face of the record to be regular, the defendant may nevertheless, from evidence outside the record, show that a defect, irregularity or deviation from statutory particulars has occurred. Krabill v.Gibbs (1968), 14 Ohio St.2d 1, paragraph two of the syllabus. A party attempting to avoid jurisdiction which is apparent on the face of the record has the burden of showing a defect in process, and such party's adversary shall then be permitted to show by clear and convincing proof that, notwithstanding the defect or irregularity, the statutory objective of actual or constructive notice has, in fact, been accomplished. Id. at 7. In the case at bar, process against appellant appears on the face of the record to be regular by virtue of the return receipt filed June 29, 1995. Therefore, it was appellant's burden to show a defect, irregularity or deviation from statutory particulars. Here, such statutory particulars are found in R.C. 1701.07(H).
R.C. 1701.07(H) states, in pertinent part:
 Any process, notice, or demand required or permitted by statute to be served upon a corporation may be served upon the corporation by delivering a copy of it to its agent ***. If *** (3) the corporation has failed to maintain an agent as required by this section, and if in any such case the party desiring that the process, notice, or demand be served *** shall have filed with the secretary of state an affidavit stating that one of the foregoing conditions exists and stating the most recent address of the corporation that the party after diligent search has been able to ascertain, then service of process, notice, or demand upon the secretary of state, as the agent of the corporation, may be initiated by delivering to the secretary of state *** quadruplicate copies of such process, notice, or demand and by paying to the secretary of state a fee of five dollars. The secretary of state shall forthwith give notice of the delivery to the corporation at its principal office as shown upon the record in the secretary of state's office and at any different address shown on its last franchise tax report filed in this state, or to the corporation at any different address set forth in the above mentioned affidavit, and shall forward to the corporation at said addresses, by certified mail, with request for return receipt, a copy of the process, notice, or demand; and thereupon service upon the corporation shall be deemed to have been made.
The trial court conducted a hearing, in part, on appellant's motion to vacate the default judgment. At such hearing, Marilyn McNabb, a representative of the Secretary of State's office, testified as to the requirements set forth in R.C.1701.07(H). Ms. McNabb testified that appellee never attempted to serve the cross-claim through the secretary of state's office. (June 4, 1999 hearing at 25-26.) Ms. McNabb testified that had appellee obtained service through the secretary of state's office, such would have been logged. Id. at 26. Such was not in the logs. Id. at 39. Had appellee not included everything that was necessary under the statute, the secretary of state's office would have returned the packet with a letter informing appellee of what was required. Id. at 26. When questioned about the June 29, 1995 return receipt from the secretary of state's office, Ms. McNabb testified that such summons originated from the Franklin County court and did not reflect anything that may have occurred regarding service on appellant. Id. at 39-40.
Given the above evidence, appellant met its burden of showing a defect or irregularity in service. Appellee did not properly attempt service on appellant through the secretary of state's office. Appellee merely requested that the clerk serve appellant in care of the secretary of state. This did not meet the requirements of R.C. 1701.07(H).
Because service of process was not properly made upon appellant, the trial court lacked jurisdiction to consider appellee's cross-claim against appellant, and any judgment rendered on such cross-claim is void ab initio. Kurtz, supra. Accordingly, appellant's second and third assignments of error are sustained.
In summary, appellant's first assignment of error is overruled. Appellant's second and third assignments of error are sustained. The default judgment against appellant on appellee's cross-claim is void ab initio. This case is remanded to the trial court with instructions to vacate the default judgment rendered against appellant and to vacate any judgments or orders stemming from the cross-claim and default judgment rendered thereon.
Judgment vacated and cause remandedwith instructions.
PETREE and BRYANT, JJ., concur.
[1] The record shows that Ms. Trout's resignation as GDG's statutory agent was filed with the Secretary of State on October 18, 1994.