DECISION
{¶ 1} On October 28, 1983, Pauline L. Cianflona executed an inter vivos trust, naming as co-trustees her brother, Edward Lombardo, and BancOhio National Bank. Paragraph 3 of the trust provided, in pertinent part, that Cianflona "shall have the right to * * * amend, modify or terminate this agreement at any time. * * *"
{¶ 2} On August 12, 1993, Cianflona amended the trust, directing the co-trustees to distribute $10,000 to her grandnephew, Robert Lombardo, one-half of the remainder to The Salvation Army, and one-half of the remainder to six named individuals, equally. On November 3, 1993, Cianflona again amended the trust. The November 3, 1993 amendment was identical to the August 12, 1993 amendment, except that one of the individuals was removed as residuary beneficiary. Cianflona's brother, Edward Lombardo, an attorney, drafted the original trust, as well as both amendments.
{¶ 3} On September 19, 1995, Cianflona executed a will. The will, also drafted by Edward Lombardo, made a specific gift of real and personal property to Cianflona's grandson, gave $5,000 to The Salvation Army, and divided the remainder of the estate between the same five individuals named as residuary beneficiaries in the trust.
{¶ 4} On October 5, 1995, Cianflona removed National City Bank (successor to BancOhio National Bank) as co-trustee of the trust and appointed Key Trust Company, N.A. ("Key Trust") as successor co-trustee.
{¶ 5} Cianflona died on November 22, 1998. Her will was thereafter admitted to probate.
{¶ 6} On October 5, 1999, relators, James Mogavero, Robert Mogavero, Raymond Reuble, Paula Myers, and Jeanne Parrish (the five individuals named as residuary beneficiaries of the will and the trust), filed a complaint in the Franklin County Court of Common Pleas, Probate Division, against Edward Lombardo, Key Trust, The Salvation Army, Attorney General Betty D. Montgomery, and Robert Lombardo seeking a declaratory judgment with regard to certain provisions of Cianflona's will and trust. In the complaint, relators alleged, among other things, that subsequent to Cianflona's execution of the November 3, 1993 amendment to the trust, her son, Sam Mogavero, reviewed Cianflona's testamentary dispositions and suggested to Cianflona that her disposition to The Salvation Army from the trust be reduced from one-half of the residuary estate to a lump sum total of $5,000. Relators further alleged that Cianflona agreed with this suggestion and retained Edward Lombardo to draft the appropriate documents to effectuate this change. According to relators, Edward Lombardo incorporated the change into Cianflona's will, but "failed to modify or terminate Cianflona's inter-vivos Trust" in accordance with Cianflona's intentions. Relators also charged Edward Lombardo with improper self-dealing and undue influence or conflict of interest in drafting both the will and the trust.
{¶ 7} On December 23, 1999, relators filed a "Motion for Default/Summary Judgment" against The Salvation Army because it failed to file an answer or motion in response to the complaint. Both the Attorney General and The Salvation Army filed responses. The motion was set for hearing on January 24, 2000. On January 24, 2000, a magistrate found that "irrespective of the motion before the Court, the Court must still construe the meaning of the Will and Trust in question." Accordingly, the magistrate ordered the parties to submit briefs and responses "as to the interpretation of the Will and Trust," with opportunities provided for responses. The briefing schedule, as ordered by the magistrate, terminated on March 20, 2000.
{¶ 8} In their briefs, relators contended, inter alia, that they should be permitted to submit extrinsic evidence in order to prove their contention that Edward Lombardo failed to carry out Cianflona's expressed intent to modify the trust subsequent to the November 3, 1993 amendment in a manner consistent with her will. In particular, relators argued that both Sam Magavero and Mike Pickens, Mogavero's employee and a witness to Cianflona's will, would testify that sometime after November 3, 1993, Cianflona expressly stated her intention to modify the trust in order to limit her testamentary disposition to The Salvation Army to $5,000. Relators further argued that since Paragraph 3 of the trust preserved Cianflona's right to "amend, modify, or terminate" the trust, but failed to specify the manner in which she could take such action, extrinsic evidence was properly admissible to demonstrate her intent to orally modify the testamentary terms of the trust subsequent to the execution of the November 3, 1993 amendment.
{¶ 9} In a decision filed June 5, 2000, the magistrate framed the issues to be determined as "whether the will and trust should be construed against the Salvation Army in that they failed to timely file an Answer, whether the trust was revoked and, to what, if anything, is the Salvation Army entitled." (Mag. Dec. p. 4.) The magistrate determined that Cianflona's will should be construed as leaving $5,000 to The Salvation Army, and the trust should be construed as leaving fifty percent of the remainder of the trust corpus to The Salvation Army. The magistrate also determined that the trust "was in effect at the death of the decedent and the distribution of the trust is pursuant to the November 3, 1993 amendment as opposed to the original provision pouring the trust assets into the will for distribution from the estate." (Mag. Dec. p. 8.) The magistrate concluded that because both documents were clear and unambiguous, extrinsic evidence was not permitted. The magistrate made no determination regarding relators' allegations of undue influence, improper self-dealing, or conflict of interest by Edward Lombardo.
{¶ 10} Relators timely objected to the magistrate's decision. Specifically, relators argued that the magistrate "unilaterally broadened the scope of the purpose of the briefs" by determining the ultimate issue in the case, i.e., to what, if anything, was The Salvation Army entitled. (Exhibit 14, "Plaintiffs' Combined Objections to Magistrate's Decision and Request for Status Conference," p. 6.) Relators contended that the purpose of the briefs was limited to setting forth arguments as to whether extrinsic evidence should be admitted regarding Cianflona's intent to orally amend the trust after November 3, 1993. In other words, relators maintained that the question was "not whether Ms. Cianflona's Trust was unambiguous but whether her subsequent statements after the second amendment to her Trust constitute[d] an oral modification of that instrument." (Exhibit 14, "Plaintiffs' Combined Objections to Magistrate's Decision and Request for Status Conference," p. 8.) Relators argued that the magistrate's expansion of the briefs to include the ultimate issue in the case deprived them of the opportunity to present such evidence at an evidentiary hearing.
{¶ 11} In an entry filed December 27, 2000, the court adopted the magistrate's findings of fact, "sustained" the magistrate's decision, and overruled relators' objections. More specifically, the court stated:
{¶ 12} "The parol evidence rule provides that when parties have expressed their intent in a writing, extrinsic evidence is not admissible for the purpose of varying or contradicting the writing. * * * Even if a writing is ambiguous, parol evidence is admissible to interpret, but not to contradict, the express language. * * * Extrinsic evidence is not admissible where it would change the legal effect of the instrument. * * *
{¶ 13} "Looking at the `four-corners' of the Trust and Will, the terms of the instruments are clear and unambiguous, therefore, extrinsic evidence is not admissible. Furthermore, the proposed evidence of oral testimony regarding the Trust contradicts the express language of Ms. Cianflona's Trust, would change the legal effect of [the] Trust, and thus, is inadmissible." (Citations omitted.)
{¶ 14} The probate court's judgment did not determine relators' claims of undue influence, improper self-dealing, or conflict of interest by Edward Lombardo.
{¶ 15} Relators appealed the probate court's judgment to this court. This court issued a decision dismissing relators' appeal on the basis that the probate court's order did not constitute a final appealable order pursuant to R.C. 2505.02 and Civ.R. 54(B). Mogavero v. Lombardo (Sept. 25, 2001), Franklin App. No. 01AP-98. In particular, this court noted that the probate court's entry addressed only the claims related to the construction of the language of Cianflona's trust and will without addressing relators' claims of undue influence.
{¶ 16} Thereafter, the probate court scheduled the matter for a hearing to take place on January 24, 2002, in order to resolve all remaining issues.
{¶ 17} On January 18, 2002, relators filed a notice of voluntary dismissal without prejudice pursuant to Civ.R. 41(A)(1)(a). On the same day, relators filed another declaratory judgment action in the Franklin County Court of Common Pleas, General Division, raising essentially the same issues which were raised in the probate court action.
{¶ 18} Relators did not appear for the January 24, 2002 hearing. On January 29, 2002, the magistrate issued a decision finding that relators' Civ.R. 41(A)(1)(a) dismissal was ineffective, since a "trial" had commenced on March 21, 2000, the day following the last date to submit briefs as to the interpretation of the will and trust from the four corners of those documents. The magistrate explained:
{¶ 19} "* * * The hearing becomes a bifurcated hearing, the first part being to determine with arguments by brief as to the meaning of the document from its four corners. The second part, (only if necessary) is testimony adduced from extrinsic witnesses to determine the meaning of the document outside of the four corners." (Mag. Dec. pp. 2-3.)
{¶ 20} Accordingly, the magistrate concluded, as a matter of law, that the case was not subject to a Civ.R. 41(A)(1)(a) dismissal and was thus still pending. Thereafter, the magistrate concluded that because no evidence was submitted as to relators' allegations of undue influence, improper self-dealing, or conflict of interest by Edward Lombardo, that portion of relators' complaint should be dismissed. In addition, the magistrate reaffirmed the probate court's judgment as to the interpretation of the will and trust and expressly dismissed the remainder of the complaint.
{¶ 21} Relators filed objections to the magistrate's decision, arguing that the probate court lacked jurisdiction to proceed because relators' filing of the Civ.R. 41(A)(1)(a) dismissal on January 18, 2002, effectively terminated the action.
{¶ 22} On February 11, 2002, relators filed an original action in this court, seeking a writ of prohibition ordering respondent, Lawrence A. Belskis, Judge of the Franklin County Court of Common Pleas, Probate Division, to refrain from exercising further jurisdiction in relators' probate court action.
{¶ 23} The matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The parties filed an agreed stipulation of evidence, and relators filed their own supplement exhibits. Relators and respondent each filed motions for summary judgment and responses thereto. After consideration thereof, the magistrate issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) Therein, the magistrate concluded that for purposes of Civ.R. 41(A)(1)(a), "trial" commenced in March 2000, and relators' notice of voluntary dismissal was not effective to deprive the probate court of its jurisdiction. Accordingly, the magistrate recommended that this court grant summary judgment in favor of respondent.
{¶ 24} Relators have filed objections to the magistrate's decision. The matter is now before this court for a full, independent review.
{¶ 25} In support of their motion for summary judgment, relators maintain that trial had not commenced at the time they filed the Civ.R. 41(A)(1)(a) voluntary dismissal; thus, the timely filed Civ.R. 41(A)(1)(a) dismissal notice divested the probate court of jurisdiction in the matter. Moreover, relators contend that pursuant to the Civ.R. 41(A)(1)(a) dismissal, respondent "patently and unambiguously" lacks jurisdiction over the cause; thus, prohibition will lie not only to prevent the future unauthorized exercise of jurisdiction, but also to correct the results of previous jurisdictionally unauthorized acts. In addition, relators assert that because respondent's lack of jurisdiction was patent and unambiguous, the fact that any further probate proceedings might be reviewable on appeal does not foreclose their right to bring a prohibition action.
{¶ 26} Relators will be entitled to summary judgment only if they can establish the elements of their prohibition claim. Those elements are: (1) that respondent is about to exercise judicial or quasi-judicial power; (2) that the exercise of that power is not authorized under the law; and (3) that the denial of the writ will cause an injury for which there is no adequate legal remedy. State ex rel. Keenan v. Calabrese (1994), 69 Ohio St.3d 176, 178. These elements are in the conjunctive; that is, relators must demonstrate that all three elements have been satisfied before this court will issue a writ. State ex rel. J. Richard Gaier Co., L.P.A. v. Kessler (1994), 97 Ohio App.3d 782, 784.
{¶ 27} With regard to the second and third elements of a prohibition action, the Ohio Supreme Court has stated that if a trial court has general subject-matter jurisdiction over a cause of action, the court can determine its own jurisdiction, and a party challenging the court's jurisdiction has an adequate remedy by way of appeal. State ex rel. Enyart v. O'Neill (1995), 71 Ohio St.3d 655, 656. Accordingly, the existence of the right to appeal a jurisdictional determination will generally foreclose the issuance of a writ of prohibition. State ex rel. Ragozine v. Shaker (Dec. 28, 2001), Trumbull App. No. 2001-T-0122. However, the Ohio Supreme Court has also recognized an exception to this general rule. "[W]here an inferior court patently and unambiguously lacks jurisdiction over the cause * * * prohibition will lie to prevent any future unauthorized exercise of jurisdiction and to correct the results of prior jurisdictionally unauthorized actions." State ex rel. Fogle v. Steiner (1995), 74 Ohio St.3d 158, 161, citing State ex rel. Lewis v. Moser (1995), 72 Ohio St.3d 25, 28. Thus, if the inferior court's lack of jurisdiction is patent and unambiguous, the relator is no longer required to establish the lack of an adequate legal remedy. State ex rel. Rogers v. McGee Brown (1997), 80 Ohio St.3d 408, 410.
{¶ 28} In applying the foregoing to the circumstances in this case, this court first notes that it is uncontroverted that relators have satisfied the first element of their prohibition claim; i.e., the record readily demonstrates that the probate magistrate issued a decision, relators filed objections to that decision, and respondent is about to exercise judicial power by entering judgment on the magistrate's decision. However, the record also indicates that relators cannot satisfy the third element of their prohibition claim. In his decision, the probate magistrate recommended dismissal of relators' complaint as to the allegations of undue influence, improper self-dealing or conflict of interest by Edward Lombardo, reaffirmed respondent's prior decision as to the interpretation of the will and trust and dismissed all other aspects of the complaint. If respondent were to overrule relators' objections, adopt the magistrate's decision and enter judgment against relators, relators would have an adequate legal remedy by way of direct appeal, as such a determination by respondent would constitute a final appealable order.
{¶ 29} Thus, relators are entitled to a writ of prohibition only if the record establishes that relators' Civ.R. 41(A)(1)(a) notice of dismissal was timely filed, thus divesting respondent of jurisdiction over the action, and, if so, that the loss of jurisdiction stemming from such dismissal was patent and unambiguous. For the reasons that follow, we conclude that relators have met that burden.
{¶ 30} Civ.R. 41(A)(1)(a) provides, in relevant part, as follows:
{¶ 31} "Rule 41. Dismissal of actions
{¶ 32} "(A) Voluntary dismissal; effect thereof
{¶ 33} "(1) By plaintiff * * * Subject to the provisions of Civ.R. 23(E), Civ.R. 23.1, and Civ.R. 66, a plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by doing either of the following;
{¶ 34} "(a) filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by that defendant[.]"
{¶ 35} Under Civ.R. 41(A)(1)(a), a plaintiff has an absolute right, regardless of motive, to voluntarily and unilaterally terminate his or her cause of action without prejudice at any time prior to the commencement of trial. Standard Ohio v. Grice (1975), 46 Ohio App.2d 97,101; Douthitt v. Garrison (1981), 3 Ohio App.3d 254, 255. " `It is axiomatic that such dismissal deprives the trial court of jurisdiction over the matter dismissed. After its voluntary dismissal, an action is treated as if it had never been commenced. * * *' " Gilbert v. WNIR 100 FM (2001), 142 Ohio App.3d 725, quoting Zimmie v. Zimmie (1964),11 Ohio St.3d 94, 95. Moreover, "when a party files a voluntary dismissal pursuant to Civ.R. 41(A)(1)(a), the case ceases to exist. In effect, it is as if the case had never been filed." Sturm v. Sturm (1991),61 Ohio St.3d 298, 302.
{¶ 36} As noted previously, the probate magistrate determined, and this court's magistrate agreed, that relators' notice of voluntary dismissal was not timely filed; i.e., it was not filed prior to the commencement of trial as required by Civ.R. 41(A)(1)(a). In so determining, both magistrates found that for purposes of Civ.R. 41(A)(1)(a), "trial" in the instant matter had commenced on March 21, 2000, the day following the last day of the briefing schedule set by the probate magistrate on January 24, 2000. We do not agree with this conclusion. Notwithstanding the probate magistrate's attempt to characterize the proceedings before him as something other a summary judgment proceeding, the record reflects that the matter was indeed before the magistrate on relators' motion for summary judgment. The Ohio Supreme Court has determined that " `a summary judgment proceeding is not a trial but rather a hearing upon a motion.' " First Bank of Marietta v. Mascrete, Inc. (1997), 79 Ohio St.3d 503, 509, quoting L.A. D., Inc. v. Lake Cty. Bd. of Commrs. (1981), 67 Ohio St.2d 384. See, also, Perdue v. Handelman (1980), 68 Ohio App.2d 240, 241. Thus, we find that relators' voluntary dismissal of their probate action was effective to divest the probate court of jurisdiction over the matter, as "trial" had not commenced at the time relators' notice of dismissal was filed.[1]
{¶ 37} Having determined that respondent lost jurisdiction over the matter when relators properly filed the Civ.R. 41(A)(1)(a) dismissal, we find that relators have established the second element of their claim for prohibition; i.e., that any further exercise of judicial power by respondent is not authorized under the law. Further, "[w]hen a case has been properly dismissed pursuant to Civ.R. 41(A)(1), the court patently and unambiguously lacks jurisdiction to proceed * * *." Fogle, supra, at 161. Accordingly, relators were not required to establish the third element of their prohibition claim, i.e., the lack of adequate legal remedy. State ex rel. Hunt v. Thompson (1992), 63 Ohio St.3d 182,183.
{¶ 38} As noted previously, relators' prohibition action is before this court on the parties' cross-motions for summary judgment. To prevail on a motion for summary judgment, the moving party must demonstrate: (1) that there are no genuine issues of material fact remaining to be litigated; (2) that the nature of the evidence is such that, even when the evidence is construed in favor of the nonmoving party, a reasonable person could only reach a conclusion in favor of the moving party; and (3) that the moving party is entitled to judgment as a matter of law. Mootispaw v. Eckstein (1996), 76 Ohio St.3d 383, 385.
{¶ 39} Upon examination of the magistrate's decision and an independent review of the file, this court concludes, pursuant to the foregoing analysis, that relators have satisfied the summary judgment standard in regard to both elements of their prohibition claim. As such, we adopt the magistrate's findings of fact, but reject the magistrate's conclusions of law to the extent indicated in this decision.
{¶ 40} Accordingly, relators' objections are sustained, and their motion for summary judgment and request for a writ of prohibition are hereby granted.
Objections sustained; motion for summary
judgment and writ of prohibition granted.
TYACK, P.J., and DESHLER, J., concur.
 APPENDIX A IN PROHIBITION ON MOTIONS FOR SUMMARY JUDGMENT
{¶ 41} Relators have filed this original action seeking a writ of prohibition from this court ordering respondent, Lawrence A. Belskis, Judge of the Franklin County Court of Common Pleas, Probate Division ("probate court"), to refrain from exercising jurisdiction in relators' probate court action in case number 468,941-A on the basis that relators had voluntarily dismissed the probate court action on January 18, 2002, pursuant to Civ.R. 41(A)(1).
{¶ 42} Findings of Fact:
{¶ 43} 1. On October 5, 1999, relators filed a complaint in the Franklin County Court of Common Pleas, Probate Division, seeking declaratory judgment concerning provisions of the amended will and trust of Pauline L. Cianflona ("Cianflona"). Relators alleged improper self-dealing, and undo influence or conflict of interest by Edward Lombardo, who allegedly drafted the trust and will. Relators also claimed that Cianflona's amended trust should be construed as having been orally modified in a manner consistent with her will. Specifically, in a will created after the trust, Cianflona made a testamentary disposition to the Salvation Army of America ("Salvation Army") in the amount of $5,000. Relators alleged that the provisions of Cianflona's amended trust should be construed so that a disposition from the amended trust to the Salvation Army would be reduced from one-half of the residuary estate to the sum of $5,000.
{¶ 44} 2. On December 23, 1999, relators filed a motion for default/summary judgment against the Salvation Army because it had failed to file an answer or motion in response to relators' complaint.
{¶ 45} 3. Relators' motion was scheduled for a hearing on January 24, 2000.
{¶ 46} 4. On January 24, 2000, a magistrate issued an order finding that "irrespective of the motion before the Court, the Court must still construe the meaning of the Will and Trust in question." The magistrate also issued a briefing schedule ordering the parties to submit briefs and responses as to the interpretation of the will and trust.
{¶ 47} 5. Briefs were submitted.
{¶ 48} 6. The magistrate issued a decision, dated June 5, 2001, wherein he made certain findings of fact and conclusions of law. Most notably, the magistrate concluded that both the will and trust were clear and unambiguous on their face and that extrinsic testimony and evidence would not be permitted. The magistrate concluded that, pursuant to item IV of her will, Cianflona gave to the Salvation Army the sum of $5,000. The magistrate also concluded that there was no language in the will revoking the trust and that the trust, through its amendments, no longer poured over into the will. As such, the magistrate concluded that the $5,000 bequest in the will is an addition to the fifty percent remainder bequest provided in the trust.
{¶ 49} 7. Relators timely objected to the magistrate's decision.
{¶ 50} 8. In an entry filed December 27, 2000, the probate court adopted the magistrate's findings of fact, "sustained" the magistrate's decision, and overruled relators' objections. The trial court's judgment did not address relators' allegations of undue influence, and improper self-dealing or conflict of interest by Edward Lombardo.
{¶ 51} 9. Relators appealed the probate court's decision to this court.
{¶ 52} 10. On September 25, 2001, this court issued a decision dismissing relators' appeal on the basis that the probate court's order did not constitute a final appealable order pursuant to R.C. 2505.02 and Civ.R. 54(B). Mogavero v. Lombardo (2001), Franklin App. No. 01AP-98. This court noted that the probate court's entry only addressed the claims related to the construction of the language of Cianflona's will and trust without addressing relators' claims of undue influence.
{¶ 53} 11. Thereafter, the probate court scheduled the matter for a hearing to take place on January 24, 2002, to resolve all remaining issues.
{¶ 54} 12. On January 18, 2002, relators filed a notice of voluntary dismissal without prejudice pursuant to Civ.R. 41(A)(1).
{¶ 55} 13. On the same day, January 18, 2002, relators filed another declaratory judgment action in the Franklin County Court of Common Pleas raising essentially the same issues which were raised in the probate court action.
{¶ 56} 14. Relators did not appear for the hearing on January 24, 2002.
{¶ 57} 15. Following the January 24, 2002 hearing, the magistrate issued a decision containing findings of fact and conclusions of law. The magistrate found that, for purposes of Civ.R. 41(A), the trial had commenced the day following the last date to submit briefs as to the interpretation of the will from the four corners of the document, that being March 21, 2000. As such, the magistrate found that, as a matter of law, the case was not subject to a Civ.R. 41 stipulation of dismissal and that the case remained pending. Thereafter, the magistrate concluded as follows:
 *** The Magistrate finds that the complaint alleged many things but the prayer was very narrow. The prayer of the complaint asked for a construction of the trust. A second item in the prayer asked for a generic granting of relief for any other matter. Inasmuch as no evidence was submitted as to the plaintiff's allegations of undue influence, improper self dealing, or conflict of interest by Mr. Edward Lombardo, that portion of the complaint is hereby dismissed.
***
 This Magistrate reaffirms the prior decision of the Court as to the interpretation of the will and trust and dismisses all the other aspects of the complaint.
{¶ 58} 16. Relators filed objections to the magistrate's decision arguing that the probate court lacked jurisdiction because relators had filed a notice of voluntary dismissal without prejudice pursuant to Civ.R. 41(A)(1)(a) on January 18, 2002, six days before the scheduled hearing.
{¶ 59} 17. On February 11, 2002, relators filed the instant complaint in prohibition.
{¶ 60} 18. On March 6, 2002, a status conference was held and a scheduling order was issued.
{¶ 61} 19. The parties have filed an agreed stipulation of evidence and relators have filed their own supplemental exhibits. Both sides have filed motions for summary judgment and responses thereto.
{¶ 62} 20. The matter is now before this magistrate on the parties' respective motions for summary judgment.
{¶ 63} Conclusions of Law:
{¶ 64} The issue in the present case is very narrow: whether relators' notice of dismissal filed on January 18, 2002 in the probate court effective to deprive the probate court of jurisdiction in the matter or had the trial commenced, as the court concluded, on March 21, 2000, when briefs had been filed and the matter was first submitted to the magistrate. For the reasons that follow, this magistrate concludes that, for purposes of Civ.R. 41(A), the probate court case had commenced in March 2000 and relators' notice of voluntary dismissal was not effective to deprive the probate court of its jurisdiction.
{¶ 65} Relators seek a writ of prohibition asking this court to prohibit the probate court from exercising jurisdiction. In order to be entitled to a writ of prohibition, relators must establish that: (1) the probate court is about to exercise judicial or quasi-judicial power; (2) the exercise of that power is unauthorized by law; and (3) the denial of the writ will cause injury for which no other adequate remedy in the ordinary course of law exists. State ex rel. Henry v. McMonagle (2000),87 Ohio St.3d 543.
{¶ 66} A motion for summary judgment requires the moving party to set forth the legal and factual basis supporting the motion. To do so, the moving party must identify portions of the record which demonstrate the absence of a genuine issue of material fact. Dresher v. Burt (1996),75 Ohio St.3d 280. Accordingly, any party moving for summary judgment must satisfy a three-prong inquiry showing: (1) that there is no genuine issue as to any material fact; (2) that the parties are entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, which conclusion is adverse to the party against whom the motion for summary judgment is made. Harless v. Willis Day Warehousing Co. 54 Ohio St.2d 64.
{¶ 67} Civ.R. 41(A)(1)(a) provides, in pertinent part, as follows:
*** Voluntary dismissal: effect thereof
 *** By plaintiff ***. Subject to the provisions of Civ.R. 23(E), Civ.R. 23.1, and Civ.R. 66, a plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by doing either of the following:
 *** [F]iling a notice of dismissal at any time before the com-mencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by that defendant[.] [Emphasis sic.]
{¶ 68} Relators cite Frazee v. Ellis Bros., Inc. (1996),113 Ohio App.3d 828, in support of their position. In Frazee, the case was set for trial on September 26, 1995. That morning, the trial court assembled a pool of jurors and prepared to call the case for trial. At 9:00 a.m., the time scheduled for trial, counsel advised the trial court that he was unable to contact his clients and that counsel wished to file a voluntary dismissal without prejudice pursuant to Civ.R. 41(A). The trial court opined that the trial had commenced at 9:00 a.m. when the court, the jury, and the defense were ready to proceed. As such, the court concluded that appellants were not permitted under the rule to voluntarily dismiss their action, and advised counsel that the court would grant the motion to dismiss with prejudice. That same day, appellants filed the motion to dismiss without prejudice pursuant to Civ.R. 41(A). The trial court journalized its dismissal entry several days later on October 10, 1995.
{¶ 69} On appeal, appellants argued that the trial court erred in entering judgment in favor of appellees after appellants had voluntarily dismissed their action without prejudice. The appellate court agreed and stated as follows:
 In Std. Oil Co. v. Grice (1975), 46 Ohio App.2d 97, 75 O.O.2d 81, *** the Court of Appeals for Darke County discussed the term "commencement of trial." Citing the minutes and personal notes of the Rules Committee in drafting the original version of Civ.R. 41, the court of appeals noted that the committee discussed the adoption of a time limitation described as "before the case is called for trial." That language actually appeared in a working draft in 1969. The Darke County Court of Appeals noted, however, that the version of Civ.R. 41 approved by the Supreme Court amended the language of the rule to "before the commencement of trial." The Grice court found that Ohio's policy was traditionally one of encouraging voluntary terminations, even though that policy might be subject to inconvenience or even abuse. We agree, and find that cases should be determined on their merits whenever possible.
 *** We find that a civil trial commences when the jury is empaneled and sworn, or, in a bench trial, at opening statements. The trial court was incorrect in stating that the jury was prepared to proceed, because jury selection had not yet begun. [Id. at 831.]
{¶ 70} By relying on the holding in Frazee, relators ignore the particular circumstances in the present case. In the present case, the probate court was asked to analyze certain provisions of the will and trust of Cianflona. One of the fundamental tenants for the construction of a will or trust is to ascertain, within the bounds of the law, the intent of the testator, grantor, or settlor. Domo v. McCarthy (1993),66 Ohio St.3d 312. Generally, when the language of the instrument is not ambiguous, intent can be ascertained from the express terms of the trust or will itself. Id. The court may consider extrinsic evidence to determine the testator's intention only when the language used in the will creates doubt as to the meaning of the will. Oliver v. Bank One, Dayton, N.A. (1991), 60 Ohio St.3d 32.
{¶ 71} Respondent contends that the probate court matter commenced when the parties had submitted their briefs prior to the magistrate's original decision of June 5, 2000. A review of the record indicates that relators were well aware that the magistrate was going to be determining both the interpretation of the will and trust as well as whether or not extrinsic evidence would be permitted to show Cianflona's intent with regards to the disposition made to the Salvation Army. In their brief before the probate court, relators first explained why extrinsic evidence would not be necessary to show that Cianflona orally modified her trust as well as their reasons why extrinsic evidence should be admitted to show that Cianflona had intended to reduce the amount payable to the Salvation Army to the $5,000 provided for in the will.
{¶ 72} Pursuant to the law regarding the interpretation of wills and trusts, the magistrate determined that both the will and trust of Cianflona were clear and unambiguous and that extrinsic evidence would not be permitted to demonstrate that Cianflona had a different intent than that provided for in the will and trust. Unfortunately, when the magistrate issued his decision on June 5, 2000, no mention was made as to relators' other claims which would have, by necessity, been pursued only if the court had determined that extrinsic evidence was permitted. The probate court adopted the magistrate's decision; however, when relators' appealed the matter to this court, this court dismissed the appeal because the probate court's entry was not a final appealable order. This court found the trial court had failed to dispose of all the issues.
{¶ 73} Upon remand by this court, the probate court set the matter for hearing to determine the remaining issues. Thereafter, relators sought to dismiss their action by filing a voluntary notice of dismissal pursuant to Civ.R. 41, but the probate court found that the matter had commenced earlier.
{¶ 74} Upon review, this magistrate finds that the probate court matter had commenced back in March 2000 when the briefs were filed in the present case. Relators were given the opportunity to demonstrate to the probate court that Cianflona's will and trust were ambiguous, and that extrinsic evidence was necessary to determine Cianflona's actual intent. Once the probate court found that the will and trust were unambiguous and that Cianflona's intent could be determined from the words of the will and trust, the matter was over. Pursuant to the case law, once the probate court determined that the will and trust were unambiguous and that Cianflona's intent could be derived from the documents themselves, extrinsic evidence was not permitted. The fact that the probate court neglected to dispose of all of relators' arguments led this court to conclude that the original entry did not constitute a final appealable order. However, that finding did not determine that the matter had not commenced in the probate court as relators now contend.
{¶ 75} Based on the foregoing, it is this magistrate's decision that relators have not demonstrated that they are entitled to summary judgment and this court should deny relators' motion for summary judgment. However, this magistrate finds that respondent has demonstrated that he is entitled to summary judgment. Although the probate court's December 27, 2000 entry failed to dispose of all relators' claims as raised in their declaratory judgment action, the probate court matter had commenced and relators did not divest the probate court of jurisdiction when they filed their voluntary notice of dismissal as such was not effective to divest the probate court of jurisdiction after the proceedings had commenced. Because this magistrate finds that the proceedings had commenced and that relators' notice of dismissal was not effective to divest the probate court of jurisdiction, respondent is entitled to judgment and this court should grant summary judgment in favor of respondent.
[1] We further note that the probate court's adverse ruling on relators' motion for summary judgment did not moot the effect of relators' Civ.R. 41(A)(1)(a) notice of dismissal, as this court previously determined that such ruling did not constitute a final appealable order. No other order has been issued by the court on relators' summary judgment motion.