Price & Jones and Cheryl L. Ryan, for appellees.

THE STATE EX REL. AHMED, APPELLANT, *v.* COSTINE, JUDGE, APPELLEE.

[Cite as *State ex rel. Ahmed v. Costine,*
99 Ohio St.3d 212, 2003-Ohio-3080.]

(No. 2003–0184—Submitted June 4, 2003—Decided July 2, 2003.)

**Per Curiam.**

{¶ 1} In September 2002, appellant, Nawaz Ahmed, an inmate at Mansfield Correctional Institution, filed a complaint in the Court of Appeals for Belmont County. Ahmed requested a writ of prohibition to prevent appellee, Judge John Mark Costine of the Belmont County Court of Common Pleas, Probate Division,

from interfering with his appellate rights concerning a probate matter. After Judge Costine filed a motion to dismiss, Ahmed, on October 29, 2002, filed a "notice" to amend his complaint to add a claim for a writ of mandamus.

{¶ 2} On that same date, Ahmed filed a notice of voluntary dismissal of his case pursuant to Civ.R. 41(A)(1)(a). In his notice of dismissal, Ahmed stated that because he could not file his amended complaint before Judge Costine had filed his dismissal motion, he was dismissing his case. On October 31, 2002, Judge Costine moved to dismiss Ahmed's amended complaint.

{¶ 3} On December 19, 2002, the court of appeals dismissed Ahmed's complaint and amended complaint for failure to state a claim upon which relief could be granted. In its decision, the court of appeals noted that, on October 29, 2002, Ahmed had "filed a Notice of [voluntary] Dismissal under Civ.R. 41(A). Regardless, this Court will proceed to consider the motions to dismiss filed by Respondent as to the original complaint and the amended complaint."

{¶ 4} In his appeal as of right, Ahmed asserts that the court of appeals erred in considering Judge Costine's motions to dismiss his complaint and amended complaint. We agree and reverse the judgment of the court of appeals.

{¶ 5} "[I]n general, when * * * a case has been voluntarily dismissed under Civ.R. 41(A)(1), the trial court patently and unambiguously lacks jurisdiction to proceed * * *." *State ex rel. Hummel v. Sadler*, 96 Ohio St.3d 84, 2002-Ohio-3605, 771 N.E.2d 853, ¶ 22. As the court of appeals acknowledged, Ahmed voluntarily dismissed his complaint pursuant to Civ.R. 41(A)(1)(a).[1] At that point, the court of appeals no longer had jurisdiction to consider Ahmed's claims or Judge Costine's motions to dismiss. See *State ex rel. Hunt v. Thompson* (1992), 63 Ohio St.3d 182, 183, 586 N.E.2d 107.

{¶ 6} Based on the foregoing, we reverse the judgment of the court of appeals.

Judgment reversed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

O'DONNELL, J., not participating.

---

Nawaz Ahmed, pro se.

---

1. Civ.R. 41(A)(1)(a) is not clearly inapplicable to Ahmed's prohibition and mandamus claims. See, e.g., Civ.R. 1(C)(7); *State ex rel. Tubbs Jones v. Suster* (1996), 84 Ohio St.3d 70, 73, 701 N.E.2d 1002 (neither the Constitution nor the General Assembly has defined the parameters for a writ of prohibition); cf. *State ex rel. Wright v. Ohio Adult Parole Auth.* (1996), 75 Ohio St.3d 82, 85, 661 N.E.2d 728 (Civ.R. 54[B] is not clearly inapplicable to mandamus proceedings).

Frank Pierce, Belmont County Prosecuting Attorney, and Robert W. Quirk, Assistant Prosecuting Attorney, for appellee.