OPINION *Page 2 
{¶ 1} Relator Craig Conley has filed a Verified Complaint for Writ of Mandamus requesting Respondent be ordered to rule on three motions which were filed by Relator in the trial court in response to the Ohio Supreme Court's ruling in Smith v. Conley (2006), 109 Ohio St.3d 141. Relator also filed a Motion for Default Judgment. The Respondent has filed a Motion to Dismiss/Motion for Summary Judgment.
 {¶ 2} A hearing was scheduled in the trial court for October 18, 2007, to address Relator's trial court motions, however, two days prior to the hearing, the Plaintiff in the underlying case, Clayton Smith, filed a voluntary dismissal under Civ.R. 41(A)(1).
 {¶ 3} The Ohio Supreme Court, citing State ex rel. Rice v.McGrath, 62 Ohio St.3d 70, 577 N.E.2d 1100, held "under Civ.R. 41(A)(1)(a), therefore, a plaintiff may dismiss his complaint. If a plaintiff does so, the court, consequently, loses jurisdiction over the case." State, ex rel. Hunt, v. Thompson, 63 Ohio St.3d 182, 183,586 N.E.2d 107, 109 (Ohio, 1992). There is a limited exception to this rule which permits a trial court to act on collateral matters not relating to the merits of the underlying case, such as a motion for sanctions.State ex rel. Hummel v. Sadler (2002), 96 Ohio St.3d 84, 771 N.E.2d 853.
 {¶ 4} A relator is entitled to a writ of mandamus if the following conditions are satisfied: (1) the relator demonstrates a clear legal right to the relief prayed for; (2) the respondent is under a corresponding legal duty to perform the actions that make up the prayer for relief; and, (3) the relator has no plain and adequate remedy in the ordinary course of law. Doss Petroleum, Inc. v. Columbiana Cty. Bd. ofElections, *Page 3 164 Ohio App.3d 255, 2005-Ohio-5633, 842 N.E.2d 66, citing to State ex rel.Berger v. McMonagle (1983), 6 Ohio St.3d 28, 29, 451 N.E.2d 225.
 {¶ 5} In this case, Relator is specifically requesting this Court order the trial court to rule on an issue which directly relates to the merits of the case. At this juncture, Relator's request has become a legal impossibility in light of the voluntary dismissal of the underlying action by the Plaintiff. We cannot order a lower court to do some act over which it does not have jurisdiction. Following the dismissal of the underlying case, Relator has no clear legal right to the relief prayed for, and the Respondent has no corresponding legal duty to perform the actions which have been requested in the prayer for relief.
 {¶ 6} The writ is denied as moot.
 {¶ 7} WRIT DENIED.
Wise, J., Gwin P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, a Writ of Mandamus is dismissed as moot. Costs taxed to Relator. *Page 1