O’Donnell, J.,
dissenting.
*1213 {¶ 4} This case does not involve the merits of whether Vaughn Industries, L.L.C., had an obligation to pay prevailing wages in this instance. Rather, it involves a procedural issue concerning the legal effect of the Civ.R. 41(A)(1)(a) notice of voluntary dismissal filed by Vaughn Industries, L.L.C., on June 28, 2007, following a hearing in the common pleas court, which Vaughn filed before the court journalized an entry on the ruling it had announced in open court regarding Vaughn’s request for a preliminary injunction.
{¶ 5} Because a notice of dismissal does not require action by the court, State ex rel. Hummel v. Sadler, 96 Ohio St.3d 84, 2002-Ohio-3605, 771 N.E.2d 853, the notice operated to remove the case from the jurisdiction of the trial court. As we stated in Hummel, “when a trial court unconditionally dismisses a case or a case has been voluntarily dismissed under Civ.R. 41(A)(1), the trial court patently and unambiguously lacks jurisdiction to proceed, and a writ of prohibition will issue to prevent the exercise of jurisdiction.” (Emphasis added.) Id. at ¶ 22, citing Page v. Riley (1999), 85 Ohio St.3d 621, 710 N.E.2d 690. We held similarly in State ex rel. Hunt v. Thompson (1992), 63 Ohio St.3d 182, 183, 586 N.E.2d 107, and stated that where a plaintiff files a notice of dismissal, “the court, consequently, loses jurisdiction over the case.” See also State ex rel. Fogle v. Steiner (1995), 74 Ohio St.3d 158, 656 N.E.2d 1288.
{¶ 6} I recognize that Civ.R. 41(A)(1)(a) requires that a party file a notice of dismissal “before the commencement of trial.” In my view, however, trial has not commenced in this case. A hearing on a motion for preliminary injunction is not a “trial” precluding voluntary dismissal pursuant to Civ.R. 41(A)(1). Black’s Law Dictionary defines “preliminary injunction” as “[a] temporary injunction issued before or during trial to prevent an irreparable injury from occurring before the court has a chance to decide the case.” (Emphasis added.) Black’s Law Dictionary (8th Ed.2004) 800. Thus, an evidentiary hearing on a preliminary injunction is not a trial, but instead is an action to prevent injury pending the outcome of a trial. This view is in accord with R.C. 2505.02(A)(3), which includes preliminary injunctions within the definition of the term “provisional remedy.” A provisional remedy, as the statute defines it, “means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary inunction.” (Emphasis added.) Therefore, by definition, preliminary injunctions are ancillary to an underlying action, and, logically, a hearing on such an injunction is not the equivalent of a trial on the merits. Thus, I dissent from the majority’s dismissal of this action because Vaughn Industries, L.L.C., filed a notice of dismissal prior to the commencement of trial and thereby unambiguously divested the trial court of jurisdiction to act in this case. Accordingly, I would deny the motion to dismiss and grant an alternative writ in this matter.
Lundberg Stratton and Lanzinger, JJ., concur in the foregoing opinion.
*1214 Andrews & Wyatt, L.L.C., David T. Andrews, and Jerry P. Cline, for relator.
Ron O’Brien, Franklin County Prosecuting Attorney, and Elizabeth C. Stevens, Assistant Prosecuting Attorney, for respondents.
Marc Dann, Attorney General, William P. Marshall, Solicitor General, and Dan E. Belville and Katharine E. Adams, Assistant Attorneys General, for intervening respondents.
Mason Law Firm Co., L.P.A., and Ronald L. Mason, for amicus curiae, Associated Builders & Contractors, Inc., Central Ohio Chapter.