[This opinion has been published in *Ohio Official Reports* at 85 Ohio St.3d 621.]

PAGE ET AL., APPELLANTS, *v.* RILEY, JUDGE, ET AL., APPELLEES.

[Cite as *Page v. Riley*, 1999-Ohio-290.]

*Prohibition—Writ to prevent judge of common pleas court from reactivating a case and proceeding to trial—Writ denied, when.*

(No. 98-2669—Submitted May 18, 1999—Decided June 16, 1999.)

APPEAL from the Court of Appeals for Montgomery County, No. 17377.

———————————

{¶ 1} In October 1995, appellants, Robert L. Page, Adventure Golf, Inc., an Ohio corporation, and Adventure Golf, Inc., a Michigan corporation, filed a complaint in the Montgomery County Court of Common Pleas, case No. 95-3658, against appellees Denny and Patricia Strong. Appellants alleged claims of fraud, conversion, and wrongful use of corporate assets, and requested injunctive relief, declaratory judgment, an accounting of certain business entities, and damages. The Strongs filed counterclaims. On March 30, 1998, the common pleas court entered partial summary judgment in favor of the Strongs on some of the appellants' claims and entered partial summary judgment in favor of appellants on some of the Strongs' counterclaims.

{¶ 2} Before case No. 95-3658 could proceed to trial, appellants initiated a bankruptcy proceeding in a federal court in Michigan. On March 31, 1998, appellee Montgomery County Court of Common Pleas Judge Adele M. Riley filed an "ORDER OF DISMISSAL" in case No. 95-3658, which provided:

"Because federal bankruptcy proceedings will indefinitely stay further proceedings in this case, this case is DISMISSED other than on the merits and without prejudice. This case may be reactivated upon Plaintiff's motion for good cause shown, and reactivation will be retroactive to the original filing date and

without additional costs. Any motion for reactivation must be filed within 180 days after the termination of the Bankruptcy Automatic Stay."

{¶ 3} In June 1998, the federal bankruptcy court issued an order granting the Strongs' motion for relief from the stay so that the parties could try case No. 95-3658 in common pleas court. Appellants then filed a new complaint in case No. 98-2033 alleging the same claims they had raised in case No. 95-3658. The Strongs filed a motion to reactivate case No. 95-3658 and to dismiss appellants' complaint in case No. 98-2033. In August 1998, Judge Riley issued a decision granting the Strongs' motion to reactivate case No. 95-3658 and ordered the case to proceed to trial. Judge Riley also dismissed appellants' complaint in case No. 98-2033, holding it to be superfluous due to the reactivation of case No. 95-3658. Appellants appealed Judge Riley's decision.

{¶ 4} In addition to their appeal of Judge Riley's August 1998 entry, on August 12, 1998, appellants filed a complaint in the Court of Appeals for Montgomery County for a writ of prohibition to prevent Judge Riley from further proceeding in case No. 95-3658. Appellants and Judge Riley filed motions for summary judgment and the Strongs, who were permitted to intervene, filed a motion to dismiss. The court of appeals denied the writ. Following the denial of the writ, the court of appeals dismissed appellants' appeal of Judge Riley's August 1998 entry reactivating case No. 95-3658 for lack of a final appealable order. *Page v. Strong* (Nov. 25, 1998), Montgomery App. No. 17376, unreported, 1998 WL 813428.

{¶ 5} This cause is now before the court upon an appeal as of right from the denial of the writ.

---

*O'Diam, McNamee & Hill Co., L.P.A.,* and *James M. Hill; Mazanec, Raskin & Ryder Co., L.P.A.,* and *Lynne K. Schoenling*, for appellants.

*Mathias H. Heck, Jr.*, Montgomery County Prosecuting Attorney, and *Chris R. Van Schaik*, Assistant Prosecuting Attorney, for appellee Judge Riley.

*Bieser, Greer & Landis, L.L.P.*, *James H. Greer* and *Joseph C. Oehlers*, for appellees Denny and Patricia Strong.

————————————

*Per Curiam.*

{¶ 6} Appellants assert in their propositions of law that Judge Riley erred in denying their request for extraordinary relief in prohibition. In order to be entitled to a writ of prohibition, appellants must establish that (1) Judge Riley is about to exercise judicial or quasi-judicial power, (2) the exercise of that power is unauthorized by law, and (3) denial of the writ will cause injury to appellants for which no other adequate remedy in the ordinary course of law exists. *McAuley v. Smith* (1998), 82 Ohio St.3d 393, 395, 696 N.E.2d 572, 574. In this case, it is uncontroverted that Judge Riley is exercising judicial power by reactivating case No. 95-3658 and proceeding in that case. At issue is whether Judge Riley's exercise of that power is unauthorized and causes appellants injury that is not reparable by any other legal remedy.

{¶ 7} Absent a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging the court's jurisdiction has an adequate remedy at law by appeal. *State ex rel. Enyart v. O'Neill* (1995), 71 Ohio St.3d 655, 656, 646 N.E.2d 1110, 1112. If, on the other hand, an inferior court patently and unambiguously lacks jurisdiction over the cause, prohibition will lie to prevent the future unauthorized exercise of jurisdiction and to correct the results of previous jurisdictionally unauthorized actions. *State ex rel. Rogers v. McGee Brown* (1997), 80 Ohio St.3d 408, 410, 686 N.E.2d 1126, 1127. For the following reasons, Judge Riley did not patently and unambiguously lack jurisdiction to reactivate the case and proceed to

trial in it, and appellants have an adequate legal remedy by appeal from a judgment entered in the reactivated case to raise their jurisdictional claim.

{¶ 8} Contrary to appellants' claims, Judge Riley did not unconditionally dismiss case No. 95-3658 by her March 31, 1998 entry. When a trial court unconditionally dismisses a case or a case has been properly voluntarily dismissed pursuant to Civ.R. 41(A)(1), the trial court patently and unambiguously lacks jurisdiction to proceed, and a writ of prohibition will issue to prevent the exercise of jurisdiction. See *State ex rel. Fogle v. Steiner* (1995), 74 Ohio St.3d 158, 161, 656 N.E.2d 1288, 1292, citing *State ex rel. Hunt v. Thompson* (1992), 63 Ohio St.3d 182, 183, 586 N.E.2d 107, 108, and *State ex rel. Rice v. McGrath* (1991), 62 Ohio St.3d 70, 577 N.E.2d 1100. Here, however, Judge Riley did not dismiss the case pursuant to Civ.R. 41, and also did not unconditionally dismiss it without the possibility of reactivation. Instead, she expressly retained jurisdiction to reactivate the case upon motion following the termination of the bankruptcy court's automatic stay.

{¶ 9} As Judge Riley asserts, her "dismissal" of the case actually operated as a stay. Although the March 31, 1998 entry stated that the proceedings in case No. 95-3658 were dismissed without prejudice, courts do not accord talismanic significance to the use of that language. See, *e.g., United States v. Milwaukee* (C.A.7, 1998), 144 F.3d 524, 528, fn. 7. In fact, the dismissal of a civil action without prejudice may be the equivalent of a stay where the "dismissal" order contemplates further proceedings in the case. *Willhelm v. Eastern Airlines, Inc.* (C.A.7, 1991), 927 F.2d 971, 972-973; *Brace v. O'Neill* (C.A.3, 1977), 567 F.2d 237, 242-243. In *Willhelm*, the United States Court of Appeals for the Seventh Circuit held that a federal district court's dismissal without prejudice of claims against Eastern Airlines, Inc. after the airline had filed for bankruptcy did not operate as an unconditional dismissal because the district court also provided in its entry that "[i]f the stay is lifted, plaintiff may reopen this case * * *." 927 F.2d at

972-973.  Similarly, Judge Riley's entry expressly provided for reactivation of case No. 95-3658 following termination of the bankruptcy stay.

{¶ 10} Finally, appellants' contention that the court of appeals erred in relying on *Logsdon v. Nichols* (1995), 72 Ohio St.3d 124, 647 N.E.2d 1361,[1] does not warrant reversal.  Even if the court of appeals erred in relying on *Logsdon* to hold that Judge Riley acted within her authority to essentially vacate her prior dismissal order, appellants were not entitled to the writ because, as previously discussed, Judge Riley's entry did not unconditionally dismiss the case, instead authorizing reactivation following termination of the bankruptcy stay.  " 'A reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as a basis thereof.' "  *State ex rel. The V Cos. v. Marshall* (1998), 81 Ohio St.3d 467, 474, 692 N.E.2d 198, 204, fn. 1, quoting *State ex rel. Athens Cty. Bd. of Commrs. v. Gallia, Jackson, Meigs, Vinton Joint Solid Waste Mgt. Dist. Bd. of Directors* (1996), 75 Ohio St.3d 611, 616, 665 N.E.2d 202, 207.

{¶ 11} Based on the foregoing, Judge Riley did not patently and unambiguously lack jurisdiction to reinstate the case and proceed to trial in it.  Appellants have an adequate legal remedy by appeal from any potentially adverse final judgment in the reactivated case to raise their claim.  In so holding, we need not expressly rule on appellants' jurisdictional contention because our review is restricted to whether Judge Riley's jurisdiction in the reactivated case is patently and unambiguously lacking.  *State ex rel. Rootstown Loc. School Dist. Bd. of Edn.*

---

1. In *Logsdon*, 72 Ohio St.3d at 127-128, 647 N.E.2d at 1364, we held that in some instances, the trial court retains jurisdiction to correct *reversible error* by vacating an erroneous dismissal entry.  See, also, *State ex rel. Buckeye Union Ins. Co. v. Erie Cty. Court of Common Pleas* (June 2, 1997), Erie App. No. E-96-087, unreported, 1997 WL 327145.  As appellants claim, some courts have noted that a trial court's dismissal of a case does not necessarily violate the automatic bankruptcy stay of Section 362(a)(1), Title 11, U.S.Code.  See, *e.g., Dean v. Trans World Airlines* (C.A.9, 1995), 72 F.3d 754, 755-756.  Neither *Dean* nor the other cases cited by appellants involve an entry in a civil case providing for reactivation of the case upon lifting of the automatic stay.

*v. Portage Cty. Court of Common Pleas* (1997), 78 Ohio St.3d 489, 492, 678 N.E.2d 1365, 1367; *State ex rel. Red Head Brass, Inc. v. Holmes Cty. Court of Common Pleas* (1997), 80 Ohio St.3d 149, 152, 684 N.E.2d 1234, 1236.  Based on that limited analysis, the court of appeals properly denied the writ.  Therefore, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and LUNDBERG STRATTON, JJ., concur.

PFEIFER and COOK, JJ., concur in judgment only.

————————————