JOURNAL ENTRY AND OPINION
Plaintiff-appellant Maxwell Gruber, Sr., individually and as administrator of the Estate of Maxwell Gruber II, a minor, deceased, filed this wrongful death action after the drowning death of Maxwell Gruber II in a retention basin located within the Courtyard Condominium complex. While the underlying facts of this case are tragic, this court sua sponte dismisses this case for the reasons set forth below.
In the amended complaint, filed on January 17, 1997, the appellant listed nine named defendants: Kopf Builders, Inc.; the Courtyard Condominium Unit Owners' Association, Inc.; the City of Westlake; the Martin Organization; Carl S. Andreano Assoc.; Condominium "A", Inc.; Condominium "A", Inc. now known as the Renner Management Group, Inc.; the Renner Management Group, Inc.; and, the Moenkhaus management Group, Inc.
Pursuant to Civ.R. 41 (A), on March 24, 1998, the appellant voluntarily dismissed the City of Westlake, the Martin Organization, and the Moenkhaus Management Group, Inc. Likewise, on April 1, 1998, the appellant voluntarily dismissed Kopf Builders, Courtyard Condominium Unit Owners' Association, Inc., the Renner Management Group, Condominium A, Inc. and Andreano 
Assoc.
On April 13, 1998, the trial court issued an order stating that the voluntary dismissal dated April 1, 1998, was withdrawn at the appellant's request and that the case would continue.
In Page v. Riley (1999), 85 Ohio St.3d 621, the court noted that when a case has been properly voluntarily dismissed pursuant to Civ.R. 41 (A) (1) the trial court patently and unambiguously lacks jurisdiction to proceed. In Denham v. New Carlisle (1999),86 Ohio St.3d 594, the court stated that a dismissal under Civ.R. 41 (A) (1) dismisses all claims against the defendants designated in the dismissal notice. Such a dismissal nullifies the action as to those parties. Id. The voluntary dismissal itself terminates the court's jurisdiction. State ex rel. Fogle v. Steiner (1995),74 Ohio St.3d 158, 164.
Thus, the trial court patently and unambiguously lacked jurisdiction to enter the order of April 14, 1998. The appellant's voluntary dismissal of all parties removed the case from the trial court's jurisdiction and rendered the remaining orders a nullity.
Case dismissed.
It is ordered that appellee recover of appellant its costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
TERRENCE O'DONNELL. P.J., and LEO M. SPELLACY, J.,CONCUR.
 _________________________________ JAMES D. SWEENEY JUDGE