DECISION.
This cause is before the court on the petition of relator, Michael Wehrung, for a writ of prohibition to prevent the Hamilton County Court of Common Pleas from exercising jurisdiction over the criminal charge brought against him. The offense with which Wehrung is charged, the murder of Patricia Rebholz, occurred in 1963, when Wehrung was fifteen years old. Wehrung was indicted for the murder in 2000. Wehrung claims that exclusive jurisdiction lies in the juvenile court and not the court of common pleas. Respondent has moved to dismiss the petition on the ground that Wehrung has an adequate remedy at law.
Absent a "patent and unambiguous" lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging that jurisdiction has an adequate remedy at law by appeal. See Page v. Riley (1999),85 Ohio St.3d 621, 623, 710 N.E.2d 690, 692. The extraordinary remedy of a writ of prohibition will not issue when a party has an adequate remedy at law by way of appeal. See State ex rel. Poorev. Mayer (1964), 176 Ohio St. 78, 79, 197 N.E.2d 557, 558.
Jurisdiction is not patently and unambiguously lacking in this case. The court of common pleas has exercised jurisdiction pursuant to the terms of R.C. 2151.26. Wehrung's challenge to the application of that statute does not demonstrate a clear lack of jurisdiction.
In the absence of a patent and unambiguous lack of jurisdiction, the trial court has the authority to determine its own jurisdiction. Wehrung has an adequate remedy at law by way of appeal. Therefore, we grant the motion of the respondent and dismiss the petition for a writ of prohibition.
Winkler, J., concurs, Doan, J., dissents.