[Cite as *State ex rel. Vaughn Industries, L.L.C. v. Reece,* 116 Ohio St.3d 1212, 2007-Ohio-6670.]

THE STATE EX REL. VAUGHN INDUSTRIES, L.L.C. *v.* REECE, JUDGE, ET AL.

[Cite as *State ex rel. Vaughn Industries, L.L.C. v. Reece,*

**116 Ohio St.3d 1212, 2007-Ohio-6670.]**

(Case No. 2007-1795 — Submitted November 27, 2007 — Decided

December 19, 2007.)

IN PROHIBITION

ON MOTIONS TO DISMISS

_____

**{¶ 1}** This cause is pending before the court on a complaint for a writ of prohibition. Respondents have filed a motion to dismiss for failure to state a claim on which relief can be granted, and relator has filed a memorandum in opposition.

**{¶ 2}** The Ohio Department of Commerce and Director Kimberly A. Zurz have filed a motion for leave to intervene as respondents and a motion to dismiss. Amicus curiae Associated Builders & Contractors, Inc., Central Ohio Chapter, has filed a motion for leave to file a memorandum opposing respondents' motions to dismiss.

**{¶ 3}** The motion for leave to intervene is granted. The motion of amicus curiae for leave to file a memorandum in opposition is also granted. On S.Ct.Prac.R. X(5) determination, the motions to dismiss are granted. This cause is therefore dismissed.

MOYER, C.J., and PFEIFER, O'CONNOR, and CUPP, JJ., concur.

LUNDBERG STRATTON, O'DONNELL, and LANZINGER, JJ., dissent.

_____

**O'DONNELL, J., dissenting.**

**{¶ 4}** This case does not involve the merits of whether Vaughn Industries, L.L.C., had an obligation to pay prevailing wages in this instance. Rather, it involves a procedural issue concerning the legal effect of the Civ.R. 41(A)(1)(a) notice of voluntary dismissal filed by Vaughn Industries, L.L.C., on June 28, 2007, following a hearing in the common pleas court, which Vaughn filed before the court journalized an entry on the ruling it had announced in open court regarding Vaughn's request for a preliminary injunction.

**{¶ 5}** Because a notice of dismissal does not require action by the court, *State ex rel. Hummel v. Sadler*, 96 Ohio St.3d 84, 2002-Ohio-3605, 771 N.E.2d 853, the notice operated to remove the case from the jurisdiction of the trial court. As we stated in *Hummel*, "when a trial court unconditionally dismisses a case *or a case has been voluntarily dismissed under Civ.R. 41(A)(1)*, the trial court patently and unambiguously lacks jurisdiction to proceed, and a writ of prohibition will issue to prevent the exercise of jurisdiction." (Emphasis added.) Id. at ¶ 22, citing *Page v. Riley* (1999), 85 Ohio St.3d 621, 710 N.E.2d 690. We held similarly in *State ex rel. Hunt v. Thompson* (1992), 63 Ohio St.3d 182, 183, 586 N.E.2d 107, and stated that where a plaintiff files a notice of dismissal, "the court, consequently, loses jurisdiction over the case." See also *State ex rel. Fogle v. Steiner* (1995), 74 Ohio St.3d 158, 656 N.E.2d 1288.

**{¶ 6}** I recognize that Civ.R. 41(A)(1)(a) requires that a party file a notice of dismissal "before the commencement of trial." In my view, however, trial has not commenced in this case. A hearing on a motion for preliminary injunction is not a "trial" precluding voluntary dismissal pursuant to Civ.R. 41(A)(1). Black's Law Dictionary defines "preliminary injunction" as "[a] temporary injunction issued *before or during trial* to prevent an irreparable injury from occurring before the court has a chance to decide the case." (Emphasis added.) Black's Law Dictionary (8th Ed.2004) 800. Thus, an evidentiary hearing on a preliminary injunction is not a trial, but instead is an action to prevent injury

*pending the outcome of* a trial. This view is in accord with R.C. 2505.02(A)(3), which includes preliminary injunctions within the definition of the term "provisional remedy." A provisional remedy, as the statute defines it, "means a proceeding *ancillary* to an action, including, but not limited to, *a proceeding for a preliminary injunction.*" (Emphasis added.) Therefore, by definition, preliminary injunctions are ancillary to an underlying action, and, logically, a hearing on such an injunction *is not the equivalent of a trial on the merits*. Thus, I dissent from the majority's dismissal of this action because Vaughn Industries, L.L.C., filed a notice of dismissal prior to the commencement of trial and thereby unambiguously divested the trial court of jurisdiction to act in this case. Accordingly, I would deny the motion to dismiss and grant an alternative writ in this matter.

LUNDBERG STRATTON and LANZINGER, JJ., concur in the foregoing opinion.

_____

Andrews & Wyatt, L.L.C., David T. Andrews, and Jerry P. Cline, for relator.

Ron O'Brien, Franklin County Prosecuting Attorney, and Elizabeth C. Stevens, Assistant Prosecuting Attorney, for respondents.

Marc Dann, Attorney General, William P. Marshall, Solicitor General, and Dan E. Belville and Katharine E. Adams, Assistant Attorneys General, for intervening respondents.

Mason Law Firm Co., L.P.A., and Ronald L. Mason, for amicus curiae Associated Builders & Contractors, Inc., Central Ohio Chapter.

_____