[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Welt v. Doherty*, Slip Opinion No. 2021-Ohio-3124.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-3124

THE STATE EX REL. WELT, APPELLANT, *v*. DOHERTY, JUDGE, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Welt v. Doherty*, Slip Opinion No. 2021-Ohio-3124.]**

*Mandamus—Prohibition—Writ of prohibition or writ of mandamus sought to compel judge to dismiss a third-party claim that was not repleaded in answer to an amended complaint—Writ requests failed because the common pleas court has subject-matter jurisdiction over the third-party claim and the third-party defendant has an adequate remedy at law by way of appeal of a final adverse judgement that the common pleas court may enter against him—Court of appeals' denial of writs affirmed.*

(No. 2021-0102—Submitted June 29, 2021—Decided September 14, 2021.)

APPEAL from the Court of Appeals for Portage County,

No. 2020-P-0018, 2020-Ohio-6684.

_____

**Per Curiam.**

**{¶ 1}** Appellant, Richard J. Welt, brought this action in the Eleventh District Court of Appeals seeking a writ of prohibition or mandamus ordering appellee, Judge Becky L. Doherty, to dismiss the third-party claims filed against him in *Dodeka, L.L.C. v. Keith*, Portage C.P. No. 2009 CV 00710. Welt argues that the claimant, Cindy Keith, forfeited her third-party claims by failing to replead them when she filed an answer to the amended complaint in *Dodeka*. The Eleventh District dismissed Welt's petitions for writs of prohibition and mandamus. We affirm the dismissal of the petition for a writ of prohibition on the ground that Welt's forfeiture argument does not affect the trial court's subject-matter jurisdiction. We also affirm the dismissal of the petition for a writ of mandamus on the ground that Welt has an adequate remedy in the ordinary course of law.

## I. FACTUAL BACKGROUND

### A. Course of proceedings in *Dodeka, L.L.C. v. Keith*

**{¶ 2}** In 2008, Welt, as attorney for Dodeka, L.L.C., filed an action in the Portage County Municipal Court against Cindy Keith to recover $10,964.56 that Keith allegedly owed in credit-card debt. Belatedly, but with the approval of the municipal court, Keith filed an answer and counterclaims and impleaded Welt as a third-party defendant. She alleged fraud and conspiracy by Dodeka and Welt, in addition to violations of the federal Fair Debt Collection Practices Act, the Ohio Consumer Sales Practices Act, and the Ohio Deceptive Trade Practices Act. Keith initiated certified-mail service of the counterclaims and third-party claims on both Dodeka and Welt.[1]

**{¶ 3}** Because Keith sought damages in excess of $25,000, an amount that exceeded the municipal court's monetary jurisdiction of $15,000, *see* R.C. 1901.17,

---

1. In reviewing the court of appeals' dismissal of Welt's writ petitions, we take notice of the docket in *Dodeka, L.L.C. v. Keith*, both in the municipal court and in the common pleas court. *See State ex rel. Neguse v. McIntosh*, 161 Ohio St.3d 125, 2020-Ohio-3533, 161 N.E.3d 571, ¶ 18 ("When entertaining a motion to dismiss a writ complaint, a court may take notice of the docket and record in a closely related case to determine whether the current complaint states a claim for relief").

the cause was transferred to the Portage County Court of Common Pleas. Dodeka and Welt filed an answer to the counterclaims. In March 2010, the common pleas court, sua sponte, ordered that Dodeka's complaint against Keith be stricken for failure to comply with Civ.R. 10(D)(1) and allowed Dodeka a period of time to file an amended complaint before the action would be dismissed. Dodeka filed an amended complaint within the prescribed time. When Keith filed her answer to the amended complaint, she did not restate the counterclaims against Dodeka and the third-party claims against Welt.

{¶ 4} In March 2016, the trial court entered summary judgment dismissing Dodeka's credit-card-debt claim against Keith and Keith's counterclaims against Dodeka. In April 2016, Welt moved for summary judgment on the third-party claims that Keith had filed against him. The trial court granted his motion and dismissed the third-party claims in July 2016.

{¶ 5} Dodeka did not appeal the entry of summary judgment against it on the credit-card-debt claim. But Keith appealed the entry of summary judgment against her on the counterclaims and third-party claims. The Eleventh District reversed the dismissal of the counterclaims against Dodeka and the third-party claims against Welt and remanded the cause for further proceedings on those claims. *Dodeka, L.L.C. v. Keith*, 11th Dist. Portage No. 2016-P-0043, 2017-Ohio-7449.

{¶ 6} In accordance with the court of appeals' decision, when the case returned to the common pleas court, only the counterclaims and third-party claims were pending. On January 28, 2020, Judge Doherty granted Dodeka's motion for summary judgment on the ground that Keith lacked standing to assert the counterclaims. In a separate order and judgment entry dated January 28, 2020, Judge Doherty denied Welt's motion to dismiss and motion for summary judgment in the third-party claims that Keith had filed against him. In doing so, Judge Doherty rejected Welt's argument that Keith forfeited the third-party claims by

failing to restate them when she answered Dodeka's amended complaint in the credit-card-debt action: Judge Doherty explained in her ruling that "[a] counterclaim and an answer are distinct and separate pleadings" and that "[a]n answer can be amended on its own" while "[a] counterclaim * * * that is not amended, remains standing."

{¶ 7} On February 25, 2020, Welt filed a notice of appeal of the January 2020 order denying his motions. On June 30, 2020, the court of appeals dismissed Welt's appeal for lack of a final, appealable order.

### B. Course of proceedings in this action

{¶ 8} Simultaneously with the filing of his notice of appeal from Judge Doherty's order, on February 25, 2020, Welt filed this action for mandamus relief in the Eleventh District Court of Appeals. Welt asserted that Judge Doherty has a clear legal duty to dismiss the third-party claims against him because Keith forfeited her claims by not restating them when she filed her answer to the amended complaint in the underlying credit-card-debt action. Judge Doherty filed a motion to dismiss the mandamus action, arguing that Welt had an adequate remedy in the ordinary course of law by way of an appeal from a final judgment.

{¶ 9} In April 2020, Welt filed an amended petition, adding a claim for prohibition relief. Judge Doherty filed a motion to dismiss the amended petition, focusing on Welt's failure to demonstrate that the common pleas court "patently and unambiguously lacks subject-matter jurisdiction" over the third-party claim. Judge Doherty reincorporated her earlier argument that Welt had an adequate remedy at law by way of an appeal of a final order.

{¶ 10} In December 2020, the court of appeals dismissed Welt's petitions for writs of prohibition and mandamus. Welt has appealed as of right.

4

## II. ANALYSIS

### A. Welt's amended petition fails to state a claim for prohibition relief

{¶ 11} To demonstrate entitlement to a writ of prohibition, Welt must show that (1) Judge Doherty has exercised or will exercise judicial power, (2) the exercise of judicial power to entertain Keith's third-party claims against Welt is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Greene Cty. Bd. of Commrs. v. O'Diam*, 156 Ohio St.3d 458, 2019-Ohio-1676, 129 N.E.3d 393, ¶ 16. "Dismissal of [a] prohibition complaint for failure to state a claim upon which relief can be granted is appropriate if, after presuming the truth of all factual allegations of the complaint and making all reasonable inferences in [the relator's] favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested extraordinary writ of prohibition." *State ex rel. Hemsley v. Unruh*, 128 Ohio St.3d 307, 2011-Ohio-226, 943 N.E.2d 1014, ¶ 8.

{¶ 12} In support of his request for a writ of prohibition, Welt sets forth one proposition of law: "If there is no complaint, counterclaim, crossclaim nor third party complaint pending before a court, the trial court patently and unambiguously lacks jurisdiction to proceed." As the court of appeals stated, Welt's "prohibition claim is based solely on the allegation that the claims are no longer pending because Keith waived them by not restating them in her April 2010 amended answer" to the credit-card-debt action filed by Dodeka. 2020-Ohio-6684, ¶ 16.

{¶ 13} The court of appeals rejected this argument based on its determination that a third-party claim did not need to be restated when Keith answered the amended complaint. *Id*. at ¶ 17. Judge Doherty defends the court of appeals' ruling by arguing that "[a] trial court has jurisdiction to determine whether a counterclaim remains pending before it where there is no controlling authority in the appellate district where that court resides regarding whether it is necessary to restate such a claim when filing an answer to an amended complaint."

**{¶ 14}** We do not agree with the court of appeals' manner of disposing of Welt's petition for a writ of prohibition or Judge Doherty's argument defending the decision below. The common pleas court's subject-matter jurisdiction over the third-party claims does not depend on the validity of Welt's forfeiture argument. Even if there were controlling authority in the appellate district that supported Welt's forfeiture argument, and even if Judge Doherty failed to apply that authority, her error would not involve a patent and unambiguous lack of subject-matter jurisdiction over the third-party claims.

**{¶ 15}** Instead of resolving the issue in terms of the existence of authority concerning the forfeiture issue, we conclude that Welt's petition for a writ of prohibition must fail because the forfeiture issue raised by Welt does not affect the subject-matter jurisdiction of the court over such claims. We therefore affirm the court of appeals' dismissal of the petition for a writ of prohibition on that alternative ground. *See Neguse v. McIntosh*, 161 Ohio St.3d 125, 2020-Ohio-3533, 161 N.E.3d 571, ¶ 10 (affirming the court of appeals' dismissal of a prohibition action on alternative grounds).

**{¶ 16}** "Prohibition will generally lie only for an absence of subject-matter jurisdiction." *State ex rel. Nyamusevya v. Hawkins*, ___ Ohio St.3d ___, 2021-Ohio-1122, ___ N.E.3d ___, ¶ 16, citing *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 73, 701 N.E.2d 1002 (1998). The facts regarding the trial court's subject-matter jurisdiction in this case are: (1) Dodeka, L.L.C., brought an action against Keith in municipal court for $10,964.56, (2) Keith filed a $25,000 counterclaim (and a third-party claim against Welt) alleging statutory consumer-protection violations, fraud, and conspiracy, and (3) Keith requested and the municipal court granted transfer of the case to the common pleas court pursuant to Civ.R. 13(J) and R.C. 1901.22(E). This transfer was proper because the counterclaim exceeded the municipal court's monetary jurisdiction of $15,000. *See* R.C. 1901.17. The common pleas court's jurisdiction therefore depended on the pendency of counterclaims at the time of

transfer. Once the proper transfer has occurred, "[t]he case shall then proceed as if it had been commenced originally in the court of common pleas." R.C. 1901.22(G).

{¶ 17} We have distinguished a court's subject-matter jurisdiction from a court's "jurisdiction over a particular case." *See Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040. "Subject matter jurisdiction is the power of a court to entertain and adjudicate a particular class of cases" and "is determined without regard to the rights of the individual parties involved in a particular case." *Id.* at ¶ 19. A court's jurisdiction over a particular case pertains to "the court's authority to proceed or rule on a case that is within the court's subject-matter jurisdiction." *Id.*

{¶ 18} A party that contests a court's jurisdiction over a particular case does not call into question the subject-matter jurisdiction of the court. *Id.* at ¶ 22-23; *see also State ex rel. Novak, L.L.P. v. Ambrose*, 156 Ohio St.3d 425, 2019-Ohio-1329, 128 N.E.3d 209, ¶ 12 (when a court possesses general subject-matter jurisdiction, an error in that court's exercise of jurisdiction over a particular case may be appealed). In the present case, Welt's assertion that Keith forfeited her third-party claims necessitates an inquiry into the trial court's jurisdiction over a particular case, not whether the court has subject-matter jurisdiction. Indeed, the alleged pleading defect—i.e., Keith's failure to replead her third-party claims against Welt in her amended answer—would qualify as a "procedural irregularity" that does not affect the trial court's subject-matter jurisdiction to hear the claim. *See In re J.J.*, 111 Ohio St.3d 205, 2006-Ohio-5484, 855 N.E.2d 851, ¶ 15; *Barnes v. Univ. Hosps. of Cleveland*, 119 Ohio St.3d 173, 2008-Ohio-3344, 893 N.E.2d 142, ¶ 27.

{¶ 19} To support his contention that the trial court lacked subject-matter jurisdiction over Keith's third-party claims, Welt relies primarily on *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 656 N.E.2d 1288 (1995). In that case, a domestic-relations court continued to exercise jurisdiction over the custody of children after the parents had voluntarily dismissed the underlying divorce

proceedings. We held that the trial court patently and unambiguously lost jurisdiction after the voluntary dismissal. *Id.* at 164. *Fogle* thereby exemplifies the proposition that "in general, when a trial court unconditionally dismisses a case or a case [has] been voluntarily dismissed under Civ.R. 41(A)(1), the trial court patently and unambiguously lacks jurisdiction to proceed, and a writ of prohibition will issue to prevent the exercise of jurisdiction." *State ex rel. Hummel v. Sadler*, 96 Ohio St.3d 84, 2002-Ohio-3605, 771 N.E.2d 853, ¶ 22, citing *Page v. Riley*, 85 Ohio St.3d 621, 623, 710 N.E.2d 690 (1999). But *Fogle* is inapposite because no unconditional dismissal, voluntary or involuntary, of Keith's third-party claim against Welt has been filed in this case.[2]

{¶ 20} As a result, the alleged forfeiture of claims by Keith cannot justify a writ of prohibition. "In the absence of a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party contesting that jurisdiction has an adequate remedy by [way of] appeal." *State ex rel. Plant v. Cosgrove*, 119 Ohio St.3d 264, 2008-Ohio-3838, 893 N.E.2d 485, ¶ 5. For this reason, we affirm the court of appeals' dismissal of Welt's petition for a writ of prohibition.

**B. Welt's amended petition fails to state a claim for mandamus relief**

{¶ 21} To demonstrate entitlement to a writ of mandamus, Welt must establish a clear legal right to the requested relief, a clear legal duty on the part of Judge Doherty to grant that relief, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. "A court can dismiss a mandamus action under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted if, after all factual allegations of the complaint are presumed true and all reasonable

---

2. The common pleas court dismissed the third-party claims against Welt in July 2016, but as discussed, that ruling was reversed by the court of appeals and the cause was remanded to the trial court.

inferences are made in the relator's favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested writ of mandamus." *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, 856 N.E.2d 966, ¶ 9.

{¶ 22} The court of appeals concluded that Welt's claim for mandamus relief is barred because an appeal from Judge Doherty's decisions and judgments constitutes an adequate remedy at law. Our case law supports this conclusion. For example, in *State ex rel. Phelps v. McClelland*, 159 Ohio St.3d 184, 2020-Ohio-831, 149 N.E.3d 500, ¶ 12-13, we affirmed the court of appeals' grant of summary judgment against the relator, in part because the relator had an adequate remedy in the ordinary course of law, either by directly appealing the conviction on the ground that the prosecutor breached an agreement or by filing a motion with the sentencing court to specifically enforce the agreement. Likewise, in *State ex rel. Non-Employees of Chateau Estates Resident Assn. v. Kessler*, 107 Ohio St.3d 197, 2005-Ohio-6182, 837 N.E.2d 778, ¶ 17-18, we affirmed the court of appeals' dismissal of a petition for a writ of mandamus or procedendo, in part on the ground that the pending direct appeals from the municipal court judge's orders constituted an adequate remedy in the ordinary course of law. By the same token, Welt has an adequate remedy at law by appealing any adverse final judgment that the common pleas court may enter against him on the third-party claims.

### III. CONCLUSION

{¶ 23} For the foregoing reasons, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

Lawrence G. Reinhold, for appellant.

Victor V. Vigluicci, Portage County Prosecuting Attorney, and Theresa M. Scahill, Assistant Prosecuting Attorney, for appellee.

_____