**[Cite as *Giles v. State*, 2024-Ohio-1012.]**

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

DOMINIQUE GILES,

        Relator,

    - vs -

STATE OF OHIO,

        Respondent.

CASE NO. 2023-P-0092

Original Action for
Writ of Prohibition

---

## P E R   C U R I A M
## O P I N I O N

Decided: March 18, 2024
Judgment: Petition dismissed

---

*William B. Norman*, WEB Norman Law, Inc., 115 Lincoln Avenue, Berea, OH 44017 (For Relator).

*Victor V. Vigluicci*, Portage County Prosecutor, and *Theresa M. Scahill*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Respondent).

PER CURIAM.

{¶1} Relator, Dominique Giles, petitions for a writ of prohibition. For the following reasons, Giles' petition is dismissed.

{¶2} In her petition, Giles asks a writ to issue to prohibit the Portage County Common Pleas Court from detaining her or conducting further proceedings in Portage County Common Pleas Case No. 2020 CR 513. In response to her petition, on November 20, 2023, we issued an alternative writ requiring the state to file an answer or otherwise plead within 28 days of service of the petition. On December 13, 2023, the state moved

to dismiss, maintaining that the petition fails to state a claim upon which relief can be granted. Giles did not respond in opposition to the state's motion.

{¶3} To demonstrate entitlement to a writ of prohibition, Giles must show that (1) the judge in the underlying criminal case has exercised or will exercise judicial power, (2) the exercise of judicial power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Welt v. Doherty*, 166 Ohio St.3d 305, 2021-Ohio-3124, 185 N.E.3d 1019, ¶ 11. "'Dismissal of [a] prohibition complaint for failure to state a claim upon which relief can be granted is appropriate if, after presuming the truth of all factual allegations of the complaint and making all reasonable inferences in [the relator's] favor, it appears beyond doubt that [s]he can prove no set of facts entitling h[er] to the requested extraordinary writ of prohibition.'" *Id.*, quoting *State ex rel. Hemsley v. Unruh*, 128 Ohio St.3d 307, 2011-Ohio-226, 943 N.E.2d 1014, ¶ 8.

{¶4} Here, in her petition, Giles maintains that she was sentenced to one year of probation on April 18, 2021, pursuant to a "Judgment of Conviction," which she references as Exhibit A; although no exhibits were attached to her petition. She maintains that, on October 13, 2022, the Portage County Probation Department moved to modify and revoke her term of probation. In support, she cites to the docket of the underlying criminal case. Giles maintains that, on November 26, 2023, the court in the underlying case revoked her bond that was previously granted and remanded Giles to the county jail. Giles maintains that the trial court was without authority to impose an "unauthorized second sentence" pursuant to the Ohio State Supreme Court's holding in *Unruh*, wherein the Supreme Court held that a court may revoke community control after the term of community control has

2

expired only if notice of the alleged violation is given and revocation proceedings commenced prior to the expiration of community control. Giles' petition seeks release from confinement and appears to request this court issue a writ to prohibit the trial court from further proceeding in this matter.

{¶5} In its motion to dismiss, the state contends that, to the extent that Giles seeks release from confinement, her remedy is to seek habeas corpus relief. *See Kirklin v. Enlow*, 89 Ohio St.3d 455, 456, 732 N.E.2d 982 (2000). We agree. In fact, Giles did separately file a petition for habeas corpus in this court relative to this matter. *See Giles v. State of Ohio*, 11th Dist. Portage No. 2022-P-0091.

{¶6} To the extent that Giles seeks to bar further proceedings in the underlying criminal action, the state maintains that she has not demonstrated a patent and unambiguous lack of jurisdiction, as the trial court is exercising its statutory authority relative to intervention in lieu of conviction proceedings. We agree.

{¶7} In support of the state's motion to dismiss, it provides copies of the exhibits that it presumes Giles intended to attach to her petition. Giles has not disputed the accuracy of these exhibits, and the entries may be found on the online docket of the Portage County Common Pleas Court. *See State v. Armstrong*, 11th Dist. Portage No. 2022-P-0088, 2023-Ohio-3527, ¶ 22, fn.4, citing *State ex rel. Harris v. Capizzi*, 2d Dist. Montgomery No. 29278, 2022-Ohio-3661, 199 N.E.3d 31, ¶ 18, *aff'd sub nom. State ex rel. Harris v. Bruns*, 173 Ohio St.3d 27, 2023-Ohio-2344, --- N.E.3d ----, ¶ 18 ("Judicial notice may be taken of public records that are accessible through the internet.").

{¶8} Although Giles maintains that she was "sentenced" to a one-year term of community control in the underlying case, the April 28, 2021 entry to which she cites

3

clearly stated that Giles was eligible for intervention in lieu of conviction ("ILC") and ordered her to successfully complete a treatment program to be monitored by the Adult Probation Department.[1] The court in the underlying matter specifically stated in its entry that "failure to complete said program will result in being sentenced on the charges [Giles] plead[ed] guilty to." The entry then reinstated bond in that case. Thereafter, in a November 7, 2023 entry, the court stated that Giles admitted violations of the terms and conditions of ILC, determined that she was no longer amenable to ILC, revoked her bond, and ordered her to undergo an expedited presentence investigation.

{¶9} Therefore, Giles was not "sentenced" to community control in the April 28, 2021 entry, and her reliance on *Hemsley* is misplaced. Instead, the trial court ordered treatment pursuant to the statutes governing ILC. R.C. 2951.041(D) provides that, if the offender is amenable to ILC, the trial court may place the offender under the general control and supervision of the probation department, "*as if* the offender was subject to a community control sanction[.]" (Emphasis added.) However, R.C. 2951.041(D) does not transform intervention in lieu of conviction into a sentence imposing community control, as Giles appears to argue. Instead, the order granting ILC stays the criminal proceedings while the offender participates in the court-ordered intervention plan. R.C. 2951.041(C). Successful completion of the intervention plan results in the dismissal of the charges, whereas violations of the intervention plan may result in the imposition of sentence. R.C. 2951.041(E) and (F).

---

1. Although, in her petition, Giles identifies the entry as dated April 18, 2021, the docket in the underlying matter contains no judgment entries issued that date, and thus, the date set forth in the petition appears to be clerical error.

4

Case No. 2023-P-0091

{¶10} Therefore, the petition and underlying court docket establish that the court's exercise of judicial power is authorized by law. Accordingly, after making all reasonable inferences in Giles' favor, it appears beyond doubt that she can prove no set of facts entitling her to the requested extraordinary writ of prohibition.

{¶11} The state further maintains that the petition should be dismissed due to Giles' failure to name a proper respondent. However, as dismissal is appropriate for the reasons stated above, we need not reach this argument.

{¶12} The petition is dismissed.

EUGENE A. LUCCI, P.J., MARY JANE TRAPP, J., MATT LYNCH, J., concur.