[Cite as *State ex rel. Tapscott v. Mahoning Cty. Court of Common Pleas, Gen. Div.*, 2025-Ohio-2633.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE EX REL, ALLEN D. TAPSCOTT, JR.,

Relator,

v.

MAHONING COUNTY COURT OF COMMON PLEAS,
GENERAL DIVISION et al.

Respondents.

---

**OPINION AND JUDGMENT ENTRY**
**Case Nos. 25 MA 0041; 25 MA 0049**

---

Writ of Prohibition

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Denied.

---

Allen D. Tapscott, Jr., Pro se, Relator

*Atty. Lynn Maro*, Mahoning County Prosecutor, and *Atty. Kathi McNabb Welsh,* Chief Assistant Prosecutor, Civil Division, for Respondent Mahoning County Court of Common Pleas, General Division

*Atty. Dave Yost*, Ohio Attorney General, and *Atty. Salvatore P. Messina*, Assistant Attorney General, Criminal Justice Section, for Respondent Cynthia Davis, Warden

Dated: July 25, 2025

**PER CURIAM.**

{¶1} Relator Allen D. Tapscott, Jr. ("Tapscott") has filed verified complaints seeking a writ of prohibition to prevent enforcement of consecutive sentences imposed during his resentencing approximately ten years ago in Mahoning County Court of Common Pleas Case No. 2010 CR 1267. Respondents Mahoning County Court of Common Pleas ("the trial court") and Cynthia Davis ("Davis"), Warden of the Southern Ohio Correctional Facility, have respectively filed motions for summary judgment and motions to dismiss. For the reasons detailed below, we grant Respondents' motions and deny the requested writ.

## BACKGROUND

{¶2} According to the verified complaint and the certified docket sheet attached to the trial court's motion, Tapscott was indicted in 2010, in Mahoning County Court of Common Pleas Case No. 2010 CR 01267. The indictment charged Tapscott with two counts of aggravated robbery in violation of R.C. 2911.01(A)(1), first-degree felonies; one count of aggravated burglary in violation of R.C. 2911.11(A)(1), a first-degree felony; and one count of having weapons while under disability in violation of R.C. 2923.13(A)(3), a third-degree felony. Each of the robbery and burglary counts carried firearm specifications pursuant to R.C. 2941.145.

{¶3} Following a jury trial in January of 2011, Tapscott was convicted on the two aggravated robbery counts and the aggravated burglary count, along with their accompanying firearm specifications. Following a subsequent bench trial, he was also

convicted of having weapons while under disability. On January 28, 2011, the trial court sentenced Tapscott to an aggregate prison term of 28 years.

**{¶4}** Tapscott appealed his convictions and sentence to this Court in Appeal Case No. 11 MA 0026. In *State v. Tapscott*, 2012-Ohio-4213 (7th Dist.) ("*Tapscott I*"), we affirmed Tapscott's convictions but remanded the matter for resentencing. In his first appeal, Tapscott argued, among other things, that the two counts of aggravated robbery should have been merged as allied offenses of similar import. We specifically addressed and rejected this argument on the merits, holding that considering all of Tapscott's conduct, "the offenses were not allied offenses of similar import as the different victim[s] makes them of dissimilar import and/or that they were committed separately or with separate animus to each." *Id*. at ¶ 46. However, we found that while the trial court properly identified that the burglary offense and firearm specifications should merge, it erred by imposing concurrent sentences on the merged offenses, instead of refraining from sentencing on these offenses entirely.

**{¶5}** On remand, the trial court conducted a resentencing hearing on October 5, 2012. Following this hearing, the court again imposed an aggregate sentence of 28 years. The trial court merged the aggravated burglary conviction with the aggravated robbery convictions. No sentence was imposed for the aggravated burglary count. The judgment entry of resentencing was journalized on October 12, 2012. Notably, Tapscott did not file a direct appeal from his resentencing.

**{¶6}** Almost eight years after resentencing, Tapscott again challenged his sentence in the trial court, filing a "Motion for Void Sentence" and a "Motion for Summary Judgment" on September 9, 2020. In these motions, he reiterated his previously rejected

claim: that the two aggravated robbery counts constituted allied offenses of similar import and thus required merger at sentencing. As noted, we addressed and expressly rejected this merger argument in *Tapscott I*. Hence, his motions were overruled.

{¶7} Tapscott filed a notice of appeal from that decision on October 26, 2020 in Appeal Case No. 20 MA 0112. In *State v. Tapscott*, 2021-Ohio-4662 (7th Dist.) ("*Tapscott II*"), this Court affirmed the trial court's judgment. We found that Tapscott's motion was properly construed as a petition for postconviction relief under R.C. 2953.21, that it was untimely filed well beyond the 365-day deadline, and that Tapscott failed to demonstrate any exception to the time limit. We also noted that even assuming the claims were not procedurally barred, the petition failed substantively because it did not establish a constitutional violation using evidence found outside the record. We also held that because Tapscott failed to file a direct appeal from his 2012 resentencing, he was foreclosed from raising any sentencing issues in his postconviction proceeding.

{¶8} On May 2, 2025, more than 12 years after his resentencing and over three years following his unsuccessful postconviction petition, Tapscott filed a verified complaint seeking a writ of prohibition in Case No. 25 MA 0041. On May 13, 2025, he filed a duplicative complaint in Case No. 25 MA 0049. These cases were subsequently consolidated. In his complaints, Tapscott contends, for the first time, that the consecutive sentences imposed at his resentencing are "unauthorized by law" because the trial court allegedly failed to make the mandatory findings required by R.C. 2929.14(C)(4) for the imposition of consecutive sentences. He seeks a writ of prohibition declaring his 28-year sentence is void, requesting this Court to remand the matter and order the trial court to resentence him to a term of 18 years.

Case Nos. 25 MA 0041; 25 MA 0049

{¶9}   Again, Tapscott initiated these original actions by filing verified complaints for writs of prohibition.  He named the trial court and Davis as respondents.  Along with his complaints, Tapscott filed an affidavit of prior civil actions and an affidavit of indigency seeking waiver of prepayment of court costs.

{¶10} On  May 29, 2025,  Davis  filed  a  motion  to  dismiss  pursuant  to Civ.R. 12(B)(6), arguing that Tapscott failed to comply with R.C. 2969.25(C), that she lacks judicial or quasi-judicial authority as a prison warden, and that Tapscott had an adequate remedy at law by means of a direct appeal.

{¶11} On June 6, 2025,  the  trial  court  filed  a  motion  for  summary  judgment pursuant to Civ.R. 56, arguing that Tapscott had an adequate remedy at law, that the trial court had jurisdiction to impose consecutive sentences, and that the Court of Common Pleas is not sui juris and therefore cannot be sued.  The trial court attached as exhibits the certified docket sheet from Tapscott's criminal case, the original indictment, and the judgment entry of resentencing.

{¶12}  This matter is now before us for consideration of both dispositive motions.

Standards of Review

{¶13} A motion to dismiss for failure to state a claim upon which relief can be granted under Civ.R. 12(B)(6) tests the sufficiency of the complaint.  When ruling on such motions, a court must presume that all factual allegations in the complaint are true and make all reasonable inferences in favor of the non-moving party. *State ex rel. Jones v. Paschke*, 2022-Ohio-2427, ¶ 5.  Dismissal is appropriate only when it appears beyond

doubt that the plaintiff can prove no set of facts in support of the claim that would entitle plaintiff to relief. *State ex rel. Welt v. Doherty*, 2021-Ohio-3124, ¶ 11.

**{¶14}** Summary judgment is appropriate when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Civ.R. 56(C); *accord State ex rel. Novak, L.L.P. v. Ambrose*, 2019-Ohio-1329, ¶ 8.

## ANALYSIS

### A. Failure to Comply with R.C. 2969.25

**{¶15}** When an inmate files a civil action against a governmental entity or employee and seeks a waiver of prepayment of the full filing fees, R.C. 2969.25(C) requires the inmate to file: (1) an affidavit that contains a description of each civil action or appeal of a civil action the inmate has filed within the previous five years in any state or federal court, R.C. 2969.25(A); and (2) a statement that sets forth the balance in the inmate account for each of the preceding six months, as certified by the institutional cashier, R.C. 2969.25(C)(1). The requirements of R.C. 2969.25 are mandatory. Failure to comply with them subjects an inmate's action to dismissal. *State ex rel. Manns v. Henson*, 2008-Ohio-4478, ¶ 4 (affirming appellate dismissal of inmate's prohibition complaint for failure to comply with R.C. 2969.25(C) and rejecting substantial or belated compliance); *State ex rel. Ridenour v. Brunsman*, 2008-Ohio-854, ¶ 5 (affirming court of appeals sua sponte dismissal of inmate's mandamus complaint for failure to comply with R.C. 2969.25(C)).

{¶16} Tapscott has failed to comply with the mandatory requirements for inmate civil actions. While Tapscott filed an affidavit of indigency in which he references an attached statement purporting to be a statement of his inmate account, our review reveals that he did not, in fact, attach a statement certified by the institutional cashier as required by R.C. 2969.25(C)(1).

{¶17} Tapscott's failure to provide a statement certified by the institutional cashier requires dismissal of his entire action against both respondents. This defect alone is sufficient to warrant dismissal of the complaints in their entirety.

## B. Court of Common Pleas Is Not Sui Juris

{¶18} Even if Tapscott had complied with R.C. 2969.25, the trial court is correct that it is not a proper party to these actions because a court is not sui juris: it does not possess the legal capacity to sue or be sued in its own right.

{¶19} The Supreme Court of Ohio recently and definitively addressed this issue in *State ex rel. Smith v. Hamilton Cty. Court of Common Pleas*, 2024-Ohio-2779. In that case, the Court held: "A court of common pleas is not sui juris, and suing an entity that is not sui juris is a ground for dismissal." *Id*. at ¶ 7. The Court explained that because the trial court lacked the capacity to be sued, dismissal was required. *Id; accord State ex rel. Wise v. Belmont Cty. Common Pleas Court*, 2025-Ohio-992, ¶ 5, (7th Dist.) (sua sponte dismissing mandamus petition where relator improperly named court of common pleas as respondent).

Case Nos. 25 MA 0041; 25 MA 0049

{¶20} Tapscott has named the Mahoning County Court of Common Pleas as a respondent, not the individual judge who presided over his resentencing. Under the binding precedent of *Smith* and its progeny, this defect alone also requires dismissal.

## C. Adequate Remedy at Law

{¶21} In order to be entitled to a writ of prohibition, a relator must establish that: (1) the respondent has exercised or is about to exercise judicial or quasi-judicial power; (2) the exercise of that power is unauthorized by law; and (3) denying the writ will result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Elder v. Camplese*, 2015-Ohio-3628, ¶ 13.

{¶22} Tapscott's petitions do not demonstrate that he had no adequate legal remedy. It is well-settled that extraordinary writs, including prohibition, cannot be used as a substitute for appeal. *State ex rel. Woodbury v. Spitler*, 34 Ohio St.2d 134 (1973) (syllabus) ("Extraordinary writs may not be employed before trial as a substitute for the remedy of appeal."); *State ex rel. Gray v. Kimbler*, 2022-Ohio-3927, ¶ 19.

{¶23} The record before us, including the certified docket sheet attached to the trial court's motion for summary judgment, conclusively establishes that Tapscott was resentenced on October 5, 2012. The judgment entry was filed on October 12, 2012. The docket contains no entry indication that he filed a direct appeal from his resentencing.

{¶24} The Supreme Court of Ohio recently addressed this precise issue in *McKinney v. Haviland*, 2020-Ohio-4785. In *McKinney*, a petitioner sought habeas corpus relief, claiming that the trial court failed to make all required findings pursuant to R.C. 2929.14(C)(4) when imposing consecutive sentences at resentencing. The

Supreme Court held that "McKinney's argument that the trial court failed to make the necessary findings under R.C. 2929.14(C)(4) raises an alleged sentencing error, for which McKinney had an adequate remedy in the ordinary course of the law." *Id*. at ¶ 10. The Court affirmed dismissal of the habeas petition, explaining that challenges to consecutive sentencing findings constitute sentencing errors that must be raised by means of direct appeal. *Id. See also State ex. rel. Heston v. Judges of the Richland Cty. Court of Common Pleas*, 2019-Ohio-5399, ¶ 4-5 (5th Dist.) (dismissing mandamus petition challenging consecutive sentences because the relator had an adequate remedy through direct appeal).

**{¶25}** This principle equally applies to prohibition proceedings. Sentencing errors, including the alleged failure to make required R.C. 2929.14(C)(4) findings, are routinely addressed through direct appeal. We note that Tapscott's own litigation history demonstrates he knew how to utilize the appellate process; in *Tapscott I*, he raised a merger argument that we addressed and rejected on the merits. His failure to raise his consecutive sentencing claim by means of a direct appeal from his resentencing cannot now be remedied through prohibition. The availability of direct appeal forecloses extraordinary relief.

## CONCLUSION

**{¶26}** For the foregoing reasons, Tapscott has failed to establish his entitlement to a writ of prohibition. He failed to comply with the mandatory requirements of R.C. 2969.25(C), requiring dismissal of this entire action. Additionally, he named as a respondent an entity (the Court of Common Pleas) that is not sui juris and cannot be

sued, also requiring dismissal. Importantly, he had an adequate remedy at law, direct appeal from his resentencing, which he failed to pursue. Each of these defects individually require denial of his writ.

{¶27} Accordingly, we GRANT Respondent Cynthia Davis's motion to dismiss. We further GRANT Respondent Mahoning County Court of Common Pleas's motion for summary judgment. The petitions for writ of prohibition are DENIED.

{¶28} Pursuant to Civ.R. 58, the Clerk of the Mahoning County Court of Appeals shall immediately serve notice of this judgment and its date of entry upon the journal to all parties. Costs assessed to Relator.

**JUDGE CHERYL L. WAITE**

**JUDGE CAROL ANN ROBB**

**JUDGE MARK A. HANNI**

### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**

Case Nos. 25 MA 0041; 25 MA 0049