[Cite as *State v. Tapscott*, 2025-Ohio-5609.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

ALLEN D. TAPSCOTT, JR.,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 25 MA 0059

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2010 CR 01267

**BEFORE:**
Katelyn Dickey, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Lynn Maro*, Mahoning County Prosecutor, *Atty. Ralph M. Rivera* and *Atty. Kristie M. Weibling*, Assistant Prosecuting Attorneys, for Plaintiff-Appellee and

Allen D. Tapscott, Defendant-Appellant.

Dated: December 16, 2025

**DICKEY, J.**

{¶1} Pro se Appellant, Allen D. Tapscott, Jr., appeals from the June 9, 2025 judgment of the Mahoning County Court of Common Pleas dismissing without a hearing his untimely second pro se petition for postconviction relief, captioned "Motion to Correct a Void Sentence," and granting Appellee's, the State of Ohio, "Motion to Dismiss" his successive postconviction petition. On appeal, Appellant again asserts he is entitled to postconviction relief raising sentencing issues involving consecutive sentences and allied offenses of similar import requiring merger. Because Appellant's petition was untimely filed, no exception entitling him to relief was demonstrated, his claims are barred by principles of res judicata, and there are additionally no substantive, supporting grounds, the trial court did not abuse its discretion in dismissing his successive petition without a hearing. Accordingly, we affirm.

## FACTS AND PROCEDURAL HISTORY

{¶2} The following facts and procedural history underlying this matter were set forth in Appellant's most recent case before this court, *State ex rel. Tapscott v. Mahoning County Court of Common Pleas, General Division*, 2025-Ohio-2633, ¶ 2-8, 11 (7th Dist.) ("*Tapscott III*"):

> Tapscott was indicted in 2010, in Mahoning County Court of Common Pleas Case No. 2010 CR 01267. The indictment charged Tapscott with two counts of aggravated robbery in violation of R.C. 2911.01(A)(1), first-degree felonies; one count of aggravated burglary in violation of R.C. 2911.11(A)(1), a first-degree felony; and one count of having weapons while under disability in violation of R.C. 2923.13(A)(3), a third-degree felony. Each of the robbery and burglary counts carried firearm specifications pursuant to R.C. 2941.145.
>
> Following a jury trial in January of 2011, Tapscott was convicted on the two aggravated robbery counts and the aggravated burglary count, along with their accompanying firearm specifications. Following a

subsequent bench trial, he was also convicted of having weapons while under disability. On January 28, 2011, the trial court sentenced Tapscott to an aggregate prison term of 28 years.

Tapscott appealed his convictions and sentence to this Court in Appeal Case No. 11 MA 0026. In *State v. Tapscott*, 2012-Ohio-4213 (7th Dist.) ("*Tapscott I*"), we affirmed Tapscott's convictions but remanded the matter for resentencing. In his first appeal, Tapscott argued, among other things, that the two counts of aggravated robbery should have been merged as allied offenses of similar import. We specifically addressed and rejected this argument on the merits, holding that considering all of Tapscott's conduct, "the offenses were not allied offenses of similar import as the different victim[s] makes them of dissimilar import and/or that they were committed separately or with separate animus to each." *Id*. at ¶ 46. However, we found that while the trial court properly identified that the burglary offense and firearm specifications should merge, it erred by imposing concurrent sentences on the merged offenses, instead of refraining from sentencing on these offenses entirely.

On remand, the trial court conducted a resentencing hearing on October 5, 2012. Following this hearing, the court again imposed an aggregate sentence of 28 years. The trial court merged the aggravated burglary conviction with the aggravated robbery convictions. No sentence was imposed for the aggravated burglary count. The judgment entry of resentencing was journalized on October 12, 2012. Notably, Tapscott did not file a direct appeal from his resentencing.

Almost eight years after resentencing, Tapscott again challenged his sentence in the trial court, filing a "Motion for Void Sentence" and a "Motion for Summary Judgment" on September 9, 2020. In these motions, he reiterated his previously rejected claim: that the two aggravated robbery counts constituted allied offenses of similar import and thus required merger

at sentencing. As noted, we addressed and expressly rejected this merger argument in *Tapscott I*. Hence, his motions were overruled.

Tapscott filed a notice of appeal from that decision on October 26, 2020 in Appeal Case No. 20 MA 0112. In *State v. Tapscott*, 2021-Ohio-4662 (7th Dist.) ("*Tapscott II*"), this Court affirmed the trial court's judgment. We found that Tapscott's motion was properly construed as a petition for postconviction relief under R.C. 2953.21, that it was untimely filed well beyond the 365-day deadline, and that Tapscott failed to demonstrate any exception to the time limit. We also noted that even assuming the claims were not procedurally barred, the petition failed substantively because it did not establish a constitutional violation using evidence found outside the record. We also held that because Tapscott failed to file a direct appeal from his 2012 resentencing, he was foreclosed from raising any sentencing issues in his postconviction proceeding.

On May 2, 2025, more than 12 years after his resentencing and over three years following his unsuccessful postconviction petition, Tapscott filed a verified complaint seeking a writ of prohibition in Case No. 25 MA 0041. On May 13, 2025, he filed a duplicative complaint in Case No. 25 MA 0049. These cases were subsequently consolidated. In his complaints, Tapscott contends, for the first time, that the consecutive sentences imposed at his resentencing are "unauthorized by law" because the trial court allegedly failed to make the mandatory findings required by R.C. 2929.14(C)(4) for the imposition of consecutive sentences. He seeks a writ of prohibition declaring his 28-year sentence is void, requesting this Court to remand the matter and order the trial court to resentence him to a term of 18 years.

. . .

On June 6, 2025, the trial court filed a motion for summary judgment pursuant to Civ.R. 56, arguing that Tapscott had an adequate remedy at law, that the trial court had jurisdiction to impose consecutive sentences,

and that the Court of Common Pleas is not sui juris and therefore cannot be sued. . . .

*Tapscott III* at ¶ 2-8, 11.

**{¶3}** On July 25, 2025, this court denied Appellant's petitions for writ of prohibition, stating:

Tapscott's own litigation history demonstrates he knew how to utilize the appellate process; in *Tapscott I*, he raised a merger argument that we addressed and rejected on the merits. His failure to raise his consecutive sentencing claim by means of a direct appeal from his resentencing cannot now be remedied through prohibition. The availability of direct appeal forecloses extraordinary relief.

Tapscott has failed to establish his entitlement to a writ of prohibition. He failed to comply with the mandatory requirements of R.C. 2969.25(C), requiring dismissal of this entire action. Additionally, he named as a respondent an entity (the Court of Common Pleas) that is not sui juris and cannot be sued, also requiring dismissal. Importantly, he had an adequate remedy at law, direct appeal from his resentencing, which he failed to pursue. Each of these defects individually require denial of his writ.

*Id.* at ¶ 25-26.

**{¶4}** At issue here, on May 13, 2025, Appellant filed a second pro se petition in the Mahoning County Court of Common Pleas for postconviction relief, captioned "Motion to Correct a Void Sentence." Appellant again asserts he is entitled to postconviction relief believing that his sentences must be served concurrently rather than consecutively and that his convictions constitute allied offenses of similar import requiring merger. On May 27, 2025, the State filed a "Motion to Dismiss" indicating Appellant's successive petition for postconviction relief is untimely, based upon insufficient evidence, and barred by res judicata.

**{¶5}** On June 9, 2025, the trial court dismissed without a hearing Appellant's untimely second pro se petition for postconviction relief.

**{¶6}** Appellant filed the instant pro se appeal, Case No. 25 MA 0059, and raises two assignments of error.

## ASSIGNMENT OF ERROR NO. 1

**THE TRIAL COURT ERR[ED] WHEN IT DID NOT MAKE ALL THE FINDINGS REQUIRED BY R.C. 2929.14(C)(4) AND SINCE THE TRIAL COURT DID NOT MAKE ALL THE FINDINGS THAT WERE REQUIRED TO IMPOSE CONSECUTIVE SENTENCE[S] UNDER R.C. 2929.14(C)(4) AND DID NOT INCORPORATE THE R.C. 2929.14(C)(4) FINDINGS INTO ITS JUDGMENT ENTRY OF SENTENCE. THE IMPOSITION OF CONSECUTIVE SENTENCE[S] WAS CONTRARY TO OHIO LAW.**

## ASSIGNMENT OF ERROR NO. 2

**THE STATE FAILED TO PRESENT EVIDENCE PURSUANT TO R.C. 2941.25, O.R.C. 2911.11(A)(2)(B) AND O.R.C. 2911.01(A)(1)(C) IS VOID BECAUSE THE TWO AGGRAVATED ROBBERY VICTIMS ARE OF SIMILAR IMPORT AND MUST BE MERGE[D] ALTOGETHER BASED ON THE "MERE EXISTENCE" OF TWO VICTIMS AND DOES NOT AUTOMATICALLY RESULT IN SENTENCE FOR TWO OFFENSES.**

**{¶7}** In his first and second assignments of error, Appellant again argues he is entitled to postconviction relief raising sentencing issues involving consecutive sentences and allied offenses of similar import requiring merger. Because both of Appellant's assignments stem from his assertion that the trial court erred in dismissing without a hearing his untimely second pro se petition for postconviction relief, we will address them together for ease of discussion.

**{¶8}** Appellant's May 13, 2025 pro se "Motion to Correct a Void Sentence" is a postconviction petition. *See State v. Hudson*, 2017-Ohio-4280, ¶ 9 (7th Dist.).

Post-conviction relief is a collateral civil attack on a criminal judgment. *State v. Steffen*, 70 Ohio St.3d 399, 410, 1994-Ohio-111, 639 N.E.2d 67. R.C. 2953.21 through R.C. 2953.23 govern petitions for post-conviction and provide that "any defendant who has been convicted of a criminal offense and who claims to have experienced a denial or infringement of his or her constitutional rights may petition the trial court to vacate or set aside the judgment and sentence." *State v. Martin*, 7th Dist. No. 12 MA 167, 2013-Ohio-2881, ¶ 13.

We apply an abuse of discretion standard when reviewing a trial court's decision to deny a post-conviction relief petition without a hearing. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58. "Abuse of discretion means an error in judgment involving a decision that is unreasonable based upon the record; that the appellate court merely may have reached a different result is not enough." *State v. Dixon*, 7th Dist. No. 10 MA 185, 2013-Ohio-2951, ¶ 21.

"[P]ursuant to R.C. 2953.21(C), a trial court properly denies a defendant's petition for postconviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *State v. Calhoun*, 86 Ohio St.3d 279, 291, 1999-Ohio-102, 714 N.E.2d 905. Substantive grounds for relief exist where there was a denial or infringement of the petitioner's constitutional rights so as to render the judgment void or voidable. *State v. Cornwell*, 7th Dist. No. 00-CA-217, 2002-Ohio-5177, ¶ 25.

*State v. Anderson*, 2024-Ohio-2704, ¶ 10 (7th Dist.), quoting *State v. Smith*, 2017-Ohio-7770, ¶ 8-10 (7th Dist.).

**{¶9}** Here, Appellant failed to attach any evidence to support his assertions. The only claims made by Appellant are his own conclusory allegations. Appellant has further

failed to show, or even provide any argument whatsoever, that if his claims are proven, that the result of the trial would have been different. Thus, the trial court did not err in dismissing without a hearing Appellant's successive pro se petition for postconviction relief. *See Calhoun* at 291.

{¶10} "A postconviction petition may also be dismissed without a hearing where the claims are barred by res judicata." *State v. West*, 2009-Ohio-3347, ¶ 24 (7th Dist.). Res judicata bars any claim or defense that was raised or could have been raised in an earlier proceeding:

> Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment.

*Anderson* at ¶ 12, quoting *State v. Perry*, 10 Ohio St.2d 175, 180 (1967).

{¶11} "'[R]es judicata bars claims that could have been raised on direct appeal or any previous post-judgment motions.'" *Anderson* at ¶ 13, quoting *State v. Smith*, 2019-Ohio-4501, ¶ 8 (7th Dist.).

{¶12} Appellant incorrectly contends his sentences are void. If an error exists in judgment or sentence issued in a matter over which the trial court maintained subject matter jurisdiction, the judgment is voidable, not void. *See State v. Harper*, 2020-Ohio-2913, ¶ 42. A reviewing court may only set aside a voidable sentence if it was successfully challenged on direct appeal. *Id.* at ¶ 4. Here, the trial court properly exercised subject matter jurisdiction over the criminal matter and jurisdiction was not challenged on appeal. Appellant's sentencing issues involving consecutive sentences and allied offenses of similar import requiring merger are barred by the doctrine of res judicata. *See Anderson* at ¶ 12-13.

{¶13} Appellant's consecutive sentences issue was already raised and rejected by this court in *Tapscott III*. Over 12 years after the resentencing entry was issued,

Appellant, for the first time, asserted the trial court failed to make the statutory consecutive sentence findings. *Tapscott III*, 2025-Ohio-2633, at ¶ 8 (7th Dist.). In *Tapscott III*, this court rejected this claim holding Appellant's "failure to raise his consecutive sentencing claim by means of a direct appeal from his resentencing cannot now be remedied through prohibition." *Id.* at ¶ 25.

**{¶14}** Likewise, Appellant's allied offenses of similar import requiring merger issue was already raised and rejected by this court in *Tapscott I* and *Tapscott II*. In *Tapscott I*, this court rejected this claim holding that the aggravated robbery offenses "were not allied offenses of similar import as the different victim[s] makes them of dissimilar import and/or that they were committed separately or with separate animus to each." *Tapscott I*, 2012-Ohio-4213, at ¶ 46 (7th Dist.). Also, in *Tapscott II*, this court refused to entertain Appellant's allied offenses argument because it was barred by the doctrine of res judicata. *See Tapscott II*, 2021-Ohio-4662, at ¶ 13 (7th Dist.).

**{¶15}** Appellant's successive request for postconviction relief is also untimely.

> [A] petition for postconviction relief must be filed within the statutorily prescribed time. R.C. 2953.21(A)(2)(a) states a postconviction petition "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction . . ."

> R.C. 2953.23 provides an exception to the 365-day requirement. According to R.C. 2953.23(A)(1), a petitioner may file a delayed petition only if both of the following subsections apply:

> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

Case No. 25 MA 0059

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted . . .

R.C. 2953.23(A)(1)(a)-(b).

*Anderson*, 2024-Ohio-2704, at ¶ 15-16 (7th Dist.).

**{¶16}** In this case, the record establishes the trial transcripts were filed in Appellant's direct appeal on July 12, 2011. Appellant did not file the successive postconviction petition at issue until May 13, 2025, about 14 years after the trial transcripts were filed in the direct appeal and well-beyond the 365-day deadline. *See* R.C. 2953.21(A)(2)(a). Thus, Appellant's petition was untimely filed. Therefore, unless Appellant can demonstrate an exception entitling him to relief, his petition is untimely and the trial court was without jurisdiction to consider it. *See* R.C. 2953.23(A)(1)(a)-(b).

**{¶17}** Upon review, Appellant fails to demonstrate an exception for the delay under R.C. 2953.23. Appellant does not establish that he was unavoidably prevented from discovery of the facts upon which he bases his claims or that there is a new state or federal right that applies to his situation. *See* R.C. 2953.23(A)(1)(a). Appellant also does not establish by clear and convincing evidence that, but for a constitutional error at trial, no reasonable factfinder would have found him guilty of the offenses of which he was convicted. *See* R.C. 2953.23(A)(1)(b). Thus, Appellant's petition does not meet the exceptions for an untimely petition set forth in R.C. 2953.23, and as a result, the trial court was without jurisdiction to consider the claims raised within.

**{¶18}** As stated, even assuming arguendo that Appellant's petition was timely filed or that it satisfied R.C. 2953.21 or 2953.23, the petition failed to state substantive grounds for relief. Also, Appellant's claims were raised or could have been raised on direct appeal or in his first petition for postconviction relief. They are, therefore, barred by res judicata. *See Perry,* 10 Ohio St.2d at 180-181.

**{¶19}** Because Appellant's second pro se petition for postconviction relief was untimely filed, no exception entitling him to relief was demonstrated, his claims are barred by principles of res judicata, and there are additionally no substantive, supporting

grounds, the trial court did not abuse its discretion in dismissing his petition without a hearing.

**{¶20}** Appellant's first and second assignments of error are without merit.

## CONCLUSION

**{¶21}** For the foregoing reasons, Appellant's assignments of error are not well-taken. The June 9, 2025 judgment of the Mahoning County Court of Common Pleas dismissing without a hearing Appellant's untimely second pro se petition for postconviction relief, captioned "Motion to Correct a Void Sentence," and granting the State's "Motion to Dismiss" his successive postconviction petition is affirmed.

Robb, P.J., concurs.

Hanni, J., concurs.

---

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**